### Ex parte Floyd Jerome STRAUGHAN.

### No. 402.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 8, 1970.

Sam Emison, Houston, for appellant.

John Lohmann, III, Houston, for appellee.

SAM D. JOHNSON, Justice.

The Court of Domestic Relations No. 3, Harris County, Texas, entered a temporary order on March 16, 1970, pending a divorce hearing between relator, Floyd Jerome Straughan, and respondent, Belitha Vernell Straughan. The order provided for child support payments and further provided as follows:

"It is further ORDERED that both parties are mutually restrained and enjoined from inflicting bodily injuries on each other, and from coming about, harassing, molesting, injuring or interfering with each other, directly, in person or by telephone during the pendency of this cause: or any other act reasonably calculated to cause a breach of the peace."

On March 19, respondent filed a verified motion (her first) for contempt against relator. Hearing thereon was held on April 10. The court's order thereon was dated May 11, and therein relator was found in contempt for failure to make child support payments and threatening to take respondent's daughter away from her. The order also provided:

"It is further ORDERED that such decision as to whether Respondent should be held in contempt of such Order be held in abeyance during the pendency of this cause.

"It is further ORDERED that should Respondent fail in any way to obey the Order of this Court of March 5, 1970, that Petitioner can by and through her attorney with notice being properly given to Respondent's attorney of record, set a show cause hearing for disobeyance of the Court's Order without the further filing and service upon Respondent of a Motion for Contempt."

In the latter part of May, 1970, respondent filed a second, but unverified, motion for contempt. It is conceded by relator that actual notice of this second motion and of a show cause hearing thereon were received by his attorney on May 21 by ordinary mail delivery. The hearing thereon was held on June 4, 1970 and relator was found in contempt and ordered confined.

Relator contends in his first point of error that his confinement is illegal because the acts for which he was held in contempt were not sworn to by the respondent. This contention is sustained.

Relator's commitment order states unequivocally that his confinement was for acts committed in violation of the court's order entered on March 16. However, the acts stated to have been in violation of said order were alleged to have occurred on or about May 15. The record reflects that the acts complained of were made known to the court in an unsworn complaint. There was no sworn complaint alleging the commission of acts on May 15 in violation of the order of March 16. Where a commitment order is based on acts of contempt in disobedience to an injunction, committed out of the presence of the court, the motion for contempt must be verified. Ex parte Winfree, 153 Tex. 12, 263 S.W.2d 154 (1953); Ex parte White, 149 Tex. 155, 229 S.W.2d 1002 (1950); Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939); Rule 692, Texas Rules of Civil Procedure. There being no verified complaint upon which the commitment order may be based, said order cannot stand.

It is to be noted that the acts complained of in the unverified motion for contempt and recited in the commitment order were acts of harassment. Rule 308-A, T.R.C.P., therefore, under which contempt proceedings for failure to make child support payments may be instituted without verified complaint, is not applicable to the case at bar. See Ex parte Winfree, supra.

The judgment for contempt is therefore void and it is ordered that the relator be released from custody.