**Ex parte Orlando L. BENITEZ, Relator.**

**No. B-8840.**

Supreme Court of Texas.

Nov. 21, 1979.

Rehearing Denied Dec. 31, 1979.

Librado Pena, Humberto L. Juarez, Jr., Laredo, for relator.

Maria Elena Quintanilla, George J. Person, Ada Cronfel, Argentina Cronfel, Laredo, Tony Martinez, Brownsville, for respondent.

POPE, Justice.

Relator Orlando L. Benitez in this habeas corpus proceeding says that he should be

released from confinement in the Webb County jail because the orders which he is charged with violating were not clear, specific and unambiguous as required by *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). The judge of the 111th District Court of Webb County, by an order dated September 24, 1979, confined relator for contempt because he had violated two previously issued court orders, one dated October 29, 1976, and the other dated August 17, 1979.

*The Order of October 29, 1976*

Victor Manuel Salinas on October 5, 1976, commenced the underlying suit against relator Benitez and several of his business enterprises. Salinas sought a declaratory judgment construing a contract that Benitez had made to assign some of his accounts receivable. Benitez was in the business of subdividing property and selling lots. On October 29, 1976, Benitez and the several other parties to that action agreed to an order appointing a receiver who was charged with the duty of taking control of all Benitez's contracts, as well as the accounts receivable that were owing him and his co-defendants. That agreed order provided:

> All Defendants are hereby ordered to turn over to said Receiver all contracts, cancelled checks, deposits, memorandum and any other documents relating to the above described properties, and the collection of any monies therefrom . . .
>
> That all parties hereto are enjoined from soliciting, directly or indirectly, the collection or receiving of money from any persons, firms and corporations owing any money on any contract for Deed or directing or suggesting to any person who owes money, that such money be paid to any person other than the Receiver or his agent and from selling any of said property except for the Receiver . . .
>
> All parties are enjoined from taking any steps to divest themselves of any interest in and to said properties . . ..

On May 4, 1979, the trial judge conducted a hearing upon a motion to hold Benitez in contempt for his violation of the October 29, 1976, order. The trial judge found Benitez in contempt and ordered him placed in the custody of the Webb County sheriff until he purged himself of contempt by paying the sum of $7,300 into the registry of the court. The trial judge also ordered that Benitez would not be placed in jail if he paid into the registry of the court $3,650 by June 4, 1979, and a like amount by July 4, 1979. The validity of neither the October 29 order nor the May 4 contempt order are here questioned, and relator has not supplied any record which discloses that either of them is void.

Upon motion that Benitez had not complied with the terms of the order suspending enforcement of the *May 4* contempt order, the trial court on September 6, 1979, ordered Benitez to appear on September 24 to show cause why the suspended judgment of contempt of *May 7* should not be made operative and why the court "should not impose its penalty and sentence of Contempt." The show cause order incorrectly referred to the earlier May 4 contempt order as the order of *May 7.* Benitez had already been found in contempt; the only purpose for the hearing about the May 4 order was to determine whether he had failed to purge himself of the contempt as that order permitted.

*The Order of August 17, 1979*

On July 20, 1979, Benitez and the parties to the suit entered into another agreement that the trial court embodied in an order signed on August 17, 1979. By that order relator Benitez was "enjoined from receiving any monies of any kind be they in the form of payments, remunerations, in collection of any indebtedness and cease from dealing in all of the following described properties for a period of thirty (30) calendar days from this date to August 20, 1979, or as soon thereafter as Ordered by the Court." The order described and listed the real estate; designated the receiver as the only person with power to deal with the property; enjoined Benitez from making any contracts, conveyances, exchanges or in any way dealing with the property; and

enjoined him from interfering with the receiver's duties. The court further ordered:

> that if within the 30 days covered by this Order Orlando L. Benitez presents evidence by way or [sic] recorded and certified copies of recorded releases having to do with the lands in question, and executed by Cecil McDonald, Cash and Carry Buildings Materials, Inc., and/or Laredo Cash and Carry Building Materials, Inc., El Rancho Palmito Estates and/or Palmito Estates, Inc., and that such releases are verified as having been executed by Cecil McDonald or said companies, on which he had authority to act, then and in that event, Orlando L. Benitez and his controlled corporations which he represents will be entitled to a Quit Claim Deed on those portions of land on which he presents authenticated releases as set out above.
>
> IT BEING FURTHER UNDERSTOOD that said releases must be approved by the Receiver and the attorneys for all parties of this suit excluding the intervenors;
>
> IT IS FURTHER AGREED AND ORDERED that such Quit Claim Deeds shall name the Receiver as grantee and as the stated consideration shall reflect that said deeds are given pursuant to this Order;

On September 5, 1979, Johnny Morris and wife, who had previously intervened in the action and had participated in the agreed injunction orders of August 17, 1979, filed their motion for contempt and specified Benitez's violations in these words:

> 1. That ORLANDO L. BENITEZ did solicit, receive transfer and collect land and monies directly and indirectly from WILLIAM BRADLEY of Laredo, Webb County, Texas, on account of land located in Webb County, Texas, and subject to and in violation of said Order.
>
> 2. That ORLANDO L. BENITEZ, Individually and on behalf of his various business entities, has engaged in conduct calculated to harass, molest, injure and degrade the Court-appointed Receiver, the Honorable Argentina Cronfel; That at a hearing held in this Court on August 23, 1979, Defendant ORLANDO L. BENITEZ caused his attorney Humberto Juarez to state that ORLANDO L. BENITEZ had received and deposited various payments for third persons under Contract of Sale, which funds were not turned in to the Receiver; Furthermore, that Humberto Juarez delivered to the Receiver a xerox copy of a check made payable to the Receiver, together with copies of the payments received by Corona Air Conditioning, Inc., in reimbursement for said funds, but to date hereof the Receiver has not received the check, and information provided to the Receiver indicates that the account of Corona Incorporated No. 11–732–3, with the International Bank of Commerce, is overdrawn at this time. Attached hereto and made a part hereof as Exhibit "B" is an affidavit of Honorable Argentina Cronfel, Receiver in said Cause No. 31,129, the basis of the aforesaid allegations.
>
> 3. That there are numerous other acts of which Movants herein are unaware of, and that said acts are being engaged in by the said ORLANDO L. BENITEZ, and his respective business entities, all to the detriment of Movants and in violation of this Court's Order; that Movants have no adequate remedies at law, that unless the alleged conduct is enjoined and Defendants found in contempt of this Court's Order, Movants will suffer immediate permanent and irreparable harm for which they have no adequate remedy at law.

It is apparent that the Motion for Contempt asserts violations of matters different from the commands of the August 17 order. On September 6, the judge issued a separate order to Benitez commanding him to appear and show cause why he should not be held in contempt for violation of the August 17, 1979, order. Attached to the show cause order was the motion for contempt which is quoted above.

Thus, on September 6, the trial court issued two orders—one requiring Benitez to show whether he had purged himself of contempt of the 1976 agreed order as the

contempt order of May 4, 1979, permitted him to do; and the other charging him with disobedience of the August 17, 1979, order. Both of these September 6 show cause orders were set for hearing on September 24, 1979.

*The September 24, 1979 Hearing*

On September 24, the trial judge heard both of the September 6 show cause orders. The court then embodied a number of rulings in a single order. He ruled that Benitez had not purged himself of his contempt of the 1976 agreed order as the decree of *May 7*, 1979, permitted, and ordered that Benitez be remanded to the sheriff of Webb County until he purged himself of that contempt. The court also in general terms found Benitez "in all things" in contempt of the August 17 order but did not specify what particular part of the August 17 order Benitez had violated. The court then made a number of new orders in the nature of commands that Benitez should obey in the future, but these commands did not state that they were violations of past orders. The court also denied a request by Benitez's lawyer to withdraw as counsel, denied a motion that the judge recuse himself, and stated new orders for the guidance of the receiver.

*Enforcement of the May 4 Contempt Order*

Benitez makes no attack upon the clarity or specificity of the May 4 order finding him in violation of the 1976 agreed order. Neither does he attack the proceedings which led to that contempt order. The only part of that order that was before the court in the present proceeding was whether Benitez had purged himself of the contempt. Benitez does not assert here that he has purged himself; his only attack is that the September 6 show cause order required him to excuse himself from a contempt order dated May 7 rather than May 4.

The variance between the date of the original contempt order (May 4) and the mistaken date (May 7) does not invalidate the order remanding Benitez to the sheriff because of his failure to purge himself of contempt. The May 4 contempt order was described in both the motion to show cause and the order remanding Benitez to the sheriff in identical terms except for the date. Criminal convictions are sustained notwithstanding greater variance in dates. In *Jackson v. State*, 501 S.W.2d 660 (Tex.Cr. App.1973), an indictment charged the defendant with an offense committed on August 29, 1972, and the conviction was affirmed even though the proof was that the offense occurred on July 29, 1972. In *Washington v. State*, 492 S.W.2d 473 (Tex. Cr.App.1973), the indictment stated the date of the offense was on or about May 5, 1968, but the evidence was that it happened on May 5, 1967. The one-year variance did not defeat the clarity and specificity required for a charge against the defendant.

*Contempt of the August 17, 1979 Order*

The court's order of September 24, 1979, so mixes a number of new orders with the old ones that there is uncertainty about the violations for which Benitez was additionally in contempt. There are also substantial variances between the commands in the August 17 order and the grounds for contempt stated in the motion to show cause why Benitez is not in violation of the August 17 order. The motion to show cause, stated above, includes charges of disobediences of commands that we do not find in the August 17 order. We are unable to locate the August 17 orders of which Benitez has been adjudged in contempt. That part of the order of September 24 will not support the contempt order.

That part of the September 24 order effectuating the earlier order of May 4, 1979, and remanding Orlando L. Benitez to the custody of the sheriff of Webb County until he purges himself of the contempt satisfies the rule of clarity and certainty required by *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967).

The petition for writ of habeas corpus is denied and the relator is ordered remanded to the custody of the sheriff of Webb County until he purges himself of contempt of the May 4, 1979, contempt order.