**Ex parte William Dink HALL, Relator.**

**No. 20739.**

Court of Civil Appeals of Texas, Dallas.

Dec. 10, 1980.

Herbert Green, Jr., Dallas, for appellant.

J. Darlene Ewing, Dallas County Child Support, Enforcement Department, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an original habeas corpus proceeding under article 1824a, Tex.Rev.Civ.Stat. Ann., to secure the release of the relator, William Dink Hall, who has been adjudged in contempt of the 304th District Court of Dallas County, Texas, for failure to make child support payments. The writ is denied, and relator is remanded to the custody of the sheriff as provided for in the commitment order.

On the record before us it appears that relator was declared to be the father of a minor child in April of 1979 in Cause No. 78–277–W in the 304th District Court of Dallas County, Texas. The court ordered relator to pay child support in the amount of $37.50 per week to the Texas Department of Human Resources until the minor child reaches the age of 18 years. In January of 1980 the Texas Department of Human Resources filed a motion for contempt in the 304th District Court, alleging arrearages in child support for the weeks of April 13, 1979, through January 10, 1980. The motion of the Texas Department of Human Resources was sworn to by its representative on his information and belief. On April 3, 1980 the district court sustained the contempt motion and relator was incarcerated pursuant to the court's written commitment order.

Relator argues that he is being illegally detained because the motion for contempt filed by the Texas Department of Human Resources was not verified as required by Rule 308–A of the Texas Rules of Civil Procedure. We disagree. Rule 308–A provides that a person claiming disobedience of a child support order may notify the judge of the court that issued the order and the judge may "appoint a member of the bar of his court to advise with and represent said claimant." The rule further provides that upon the appointment of an attorney, a verified affidavit of the claimant is to be filed with the clerk of the court in support of a written statement describing the claimed disobedience. It is clear, however, that the verified affidavit and the written statement are only necessary in a case in which an attorney is appointed because the rule states that "Upon the filing of such statement, *or upon his own motion,* the court may issue a show cause order . . . ." [Emphasis added]. Contempt proceedings under Rule 308–A for failure to make child support payments may be instituted without a verified complaint. *Ex parte Straughan,* 459 S.W.2d 653 (Tex.Civ. App.—Houston [14th Dist.] 1970, no writ). Institution of contempt proceedings on an unsworn complaint is not a deprivation of due process. *Ex parte Winfree,* 153 Tex. 12, 263 S.W.2d 154 (1953). Since we know of no statute or rule of law that requires verification of a motion for contempt in a case such as the one before us, we overrule relator's contention concerning verification.

Relator next complains that the order of commitment in this case is void because it cannot be determined from the order what the contumacious acts were. We disagree. The commitment order recites that relator "has contemptuously disobeyed the order by failing to make periodical payments from April 13, 1979 and up to and including Jan. 10, *1979* . . . ." Relator argues that this language is so ambiguous the entire order is void. The Texas Department of Human Resources argues that by looking at the commitment order as a whole there is no ambiguity. We agree.

Immediately above the alleged ambiguous language in the commitment order is the language of the order which the court found to have been violated. That order, as recited in the commitment order, very plainly states that the child support payments were to begin on April 13, 1979. The section of the commitment order defining what relator must do to purge himself of contempt plainly states that he must pay the support payments accrued as of "Jan. 10, *1980.*" An obvious typographical or clerical error does not void the commitment order if it can be determined with sufficient clarity and certainty from the remainder of the order what the alleged contumacious acts were and what the relator must do to purge himself of contempt. *Ex parte Benitez,* 590 S.W.2d 704 (Tex.1979). We hold

that this commitment order, viewed as a whole, is sufficiently clear and certain.

■ Finally, relator argues that the commitment order is void because it requires him to pay court costs and thus unconstitutionally imprisons him for debt. In support of his argument he cites *Ex parte Prevost*, 598 S.W.2d 310 (Tex.Civ.App.—Beaumont 1979, no writ). This court has specifically disagreed with the holding in *Prevost*. *Ex parte Miller*, 604 S.W.2d 324 (Tex.Civ.App. —Dallas 1980, no writ). Relator cites us no authority and urges upon us no reasoning which persuades us to repudiate our statement in *Miller* and we decline to do so. The allowance of costs in this proceeding to enforce child support payments is incidental to and a part of the payments necessary for the support of the minor child. *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184 (1953).

Application for writ of habeas corpus denied and relator is remanded to the custody of the sheriff of Dallas County for confinement pursuant to the lower court's order of commitment.