Abdul R. **BALUCH**, Relator,

v.

The Honorable Bob
**O'DONNELL**, Respondent.

No. 05–88–00702–CV.

Court of Appeals of Texas,
Dallas.

Sept. 21, 1988.

---

Earle S. Lilly, Pamela E. George, Houston, Steven W. Bruneman, Irving, for relator.

Joseph W. Geary, Anne D. Turner, Dallas, for respondent.

Before DEVANY, McCLUNG and THOMAS, JJ.

McCLUNG, Justice.

This is an original proceeding in mandamus. The question before us is whether the district court judge had authority to strike relator's pleadings pursuant to Rule 215(2)(b) of the Texas Rules of Civil Procedure as sanctions to enforce an order directing the relator to pay interim attorneys' fees to his spouse's attorneys.

Abdul R. Baluch, relator ("father"), initiated a voluntary legitimation petition seeking custody of his three-year-old son. The mother, Kyara Marie Victor, after answering the legitimation suit, filed a divorce petition in another district court, which caused the case to be transferred to respondent's court. Numerous pleadings, motions and hearings have been held on this cause over the past two years which culminated in, among other things, the trial court issuing an order for the father to pay $25,000 in interim attorneys' fees to the mother's attorneys by October 1, 1987.

The father failed to pay the fees and the mother's attorneys filed a motion for sanctions under Rule 215(2)(b). On December 8, 1987 the court granted the motion for sanctions and issued an order which struck all of the father's pleadings. The mother then filed a motion for summary judgment.[1] The father now seeks a writ of mandamus and temporary injunction from this Court to review the December 8th order. The father asks (1) that the order for sanctions be set aside and the trial court be ordered to reinstate his pleadings and (2) that the underlying order awarding interim attorneys' fees be rescinded.

■ Ordinarily, relief by mandamus is granted only for void orders when no ordinary, adequate remedy is available on appeal. *See Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961). Generally, mandamus will not issue to control the action of a trial court in a matter of discretion, except

---

1. All references are to the Texas Rules of Civil Procedure.

when it is a proper case to correct a clear abuse of discretion. *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 440 (1959). There must be a showing that the court acted in a clear abuse of discretion in excess of the court's authority or under a duty of law. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987). Likewise, the relator has a heavy burden to show that, if the order was within the discretionary powers of a judge, there was a clear abuse of discretion. *Lutheran Social Service, Inc. v. Meyers*, 460 S.W.2d 887, 889 (Tex.1970). The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

The test enunciated for a trial court's abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), or whether the trial court's act was arbitrary or unreasonable, *Woodruff v. Cook*, 721 S.W.2d 865, 868 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

■ With these principles in mind, we review the cases interpreting Rule 215 and the imposition of sanctions. A trial court abuses its discretion if the sanction it imposes does not further one of the purposes that discovery sanctions were intended to further. *Wyatt v. Shaw Plumbing Co.*, 736 S.W.2d 763, 767 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). The purposes of discovery sanctions are to: (1) secure the parties' compliance with the rules of discovery; (2) deter other litigants from violating the discovery rules; and (3) punish parties that violate the rules of discovery. *Id.*

It is clear from the record before us that this case *does not involve the issue of any abuse of discovery*. None of the above principles underlying Rule 215 apply, because the father had not abused the discovery process by resisting discovery; instead he failed to obey a court order to pay interim attorney's fees by a specific date. Since attorney's fees accrued as other than

necessities for a child's support are deemed in the nature of a debt, enforcement of the order by means of contempt was not possible. *See Ex Parte Hall*, 611 S.W.2d 459 (Tex.Civ.App.—Dallas 1980, no writ). The mother's attorneys opted to apply for sanctions under Rule 215. Thus, the court clearly was not attempting to apply any of the enunciated purposes of discovery sanctions by striking the father's pleadings.

A review of the cases concerning the development of discovery sanctions is helpful in determining if the trial court's order was arbitrary and unreasonable in this case. The predecessors of rule 215(2)(b) were rules 170 and 215a [2] which provided sanctions for a party's refusal to obey a court order for specific discovery production. Under these rules, a trial court could stay a proceeding until the order was obeyed. *Harrell v. Fashing*, 562 S.W.2d 544, 545 (Tex.Civ.App.—El Paso 1978) (orig. proceeding) (court stayed proceeding until party submitted to mental and physical examinations). However, sanctions under rule 170 were not available for enforcement of a trial judge's orders made in the course of the actual trial. *Tharp v. Blackwell*, 570 S.W.2d 154, 159 (Tex.Civ.App.—Texarkana 1978, no writ). The Texas Supreme Court held that rule 170 was only applicable to pre-trial proceedings and was not applicable to, nor authorized, coercive measures for the enforcement of a trial judge's orders made in the course of a trial. *American Central Insurance Co. v. Texhoma Stores, Inc.*, 401 S.W.2d 593 (Tex.1966) (judge dismissed plaintiff's cause with prejudice for company's refusal to produce income tax returns in their entirety).

More recent cases under Rule 215 have held that the trial court abused its discretion when it imposed a $100,000 cost bond against the parties as sanctions for abuse of discovery when they asserted a privilege over the information sought. *Smith v. White*, 695 S.W.2d 295, 297 (Tex.App.—Houston [1st Dist.] 1985) (orig. proceeding). Likewise, a trial court's action of imposing sanctions *sua sponte* when the movant had

---

**2.** Rules 170 and 215a were repealed in 1983 and replaced with Rule 215.

merely filed a motion to compel with no notice of the court's possible imposition of sanctions was held to be an abuse of discretion. *Zep Manufacturing Co. v. Anthony,* no. 88–334, 752 S.W.2d 687, 689 (Tex.App.—Houston [1st Dist.] June 9, 1988) (orig. proceeding) (not yet reported) slip. op. at 4. A court's refusal to grant a party's motion to compel answers to deposition questions was also considered a clear abuse of discretion. *Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985).

Finally, in a case involving the parent-child relationship, the Supreme Court held that mandamus was proper to order a trial court to transfer the case to the court where the mother and child resided. *Proffer v. Yates,* 734 S.W.2d 671, 672 (Tex. 1987). The court recognized in that case, *though a remedy by appeal was available,* it was not adequate to protect the rights of the parents and children to a trial in a particular venue in order to have a speedy resolution of child custody and child support issues. *Proffer,* 734 S.W.2d at 673.

■ Under the facts and circumstances of the case before us, the court ordered payment of $25,000 in interim attorney's fees to the spouse's attorney in a child custody case *without any relationship to discovery.* When the father failed to pay the fees, the court granted the wife's motion for sanctions under rule 215(2)(b). We hold that, absent an abuse of discovery, the court's order striking father's pleadings in order to enforce payment of attorney's fees was arbitrary and capricious and beyond the authority granted to the court pursuant to Rule 215(2)(b) and the enunciated principles governing discovery sanctions.

■ The father also asks us to rescind the court's order awarding $25,000 in interim attorney's fees to the spouse's attorney. Generally, orders awarding attorney's fees, even those imposed as sanctions, are reviewable on appeal and mandamus will not issue. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639 (Tex.1986) (orig. proceeding). While there may be some question as to the underlying statutory support for such an order, we do not reach that issue since we hold the father has an adequate remedy on appeal. *Johnson,* 700 S.W.2d at 917.

We conditionally grant the writ of mandamus only to the extent that the trial court is directed to set aside the December 8, 1987 order striking relator's pleadings and to reinstate his pleadings. The writ will issue only if the trial court does not follow our directive.

THOMAS, Justice, dissenting.

I agree with the majority that the trial court exceeded its authority in striking Baluch's pleadings pursuant to Rule 215(2)(b) of the Texas Rules of Civil Procedure. I further agree with the conclusion that it is inappropriate for us to address the issue of the entry of the initial order awarding interim attorney's fees because Baluch has an adequate remedy on appeal. I cannot agree, however, that the mandamus should be granted because in my opinion, Baluch has failed to establish his right to mandamus relief.

### MANDAMUS AS A REMEDY

The threshold inquiry should be whether mandamus is the appropriate vehicle to attack the order striking the pleadings under the facts and circumstances presented to this Court. There are two prongs to the test for granting a petition for writ of mandamus. The first is whether the trial court's ruling demonstrates a clear abuse of discretion. The second, equally important, prong is whether there is an adequate remedy by appeal. *Jampole v. Touchy,* 673 S.W.2d 569, 572–573 (Tex.1984), and authorities cited therein. This Court has no authority to grant mandamus when an adequate remedy at law exists by direct appeal. The wrongful imposition of sanctions is subject to review by direct appeal after final judgment. *Central Freight Line v. White,* 731 S.W.2d 121, 121–22 (Tex.App.—Houston [14th Dist.] 1987) (orig. proceeding). When an appellate court grants relief absent an abuse of discretion *and* absent an adequate remedy at law, it acts in excess of its writ power. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639 (Tex.1986). The majority

opinion focuses only on whether there was an abuse of discretion by the trial court in striking Baluch's pleadings. Having concluded that the order striking the pleadings was "arbitrary, capricious and beyond the authority granted under the rules of civil procedure," the majority is prepared to conditionally grant the writ and any further inquiry is nonexistent. Perhaps the majority avoids any discussion concerning inadequate remedy by appeal, because at this point in time we do not know exactly what is going to happen in the trial court.

## BALUCH'S BASIS FOR REQUESTING RELIEF

Baluch, the father, argues that his request for immediate temporary relief is necessary because as a result of his failure to pay the interim attorney's fees to the mother of his child, the trial court entered an order striking his pleadings and he is now *facing* a motion for summary judgment. The record reflects that four and one-half months after the trial court entered its order striking Baluch's pleadings, the mother filed a motion for summary judgment seeking:

(1) additional attorney's fees of $28,-518.92 as necessary expenses on behalf of the child, plus the original $25,000 in interim fees for a total of $53,518.92 in attorney's fees;

(2) that she be named managing conservator of the minor child; and the father be named possessory conservator;

(3) that the father's visitation be restricted and supervised in Dallas County;

(4) that the father be ordered to pay $2,000 per month child support;

(5) that the court enter a finding that there is a putative marriage and thereupon order a division of the community property acquired during the common law marriage; and

(6) that the father be ordered to provide information on a trust fund he established for the benefit of the child.

Baluch argues that mandamus is the only avenue of relief in light of the *possibility* that a summary judgment *will be* granted. It is further contended that because this is

a suit affecting the parent-child relationship, the striking of pleadings is such an extreme action that it defies what *may* well be in the best interest of the child. Baluch finally asserts that *if* the trial court grants the summary judgment, the child will no doubt be made the ultimate victim. Thus, it is apparent that Baluch is truly objecting to the order he *anticipates* will result from the hearing on the motion for summary judgment.

While *Proffer v. Yates*, 734 S.W.2d 671 (Tex.1987), cited by the majority, seems to indicate that a remedy by appeal is inadequate when the case concerns the parent-child relationship or child support issues, mandamus issued in that case to direct the trial judge to perform a *mandatory* act of transfering venue to the proper court for judicial economy. This case does not involve the performance of a mandatory act. In fact, as I view the proceedings at this point, in order to grant the relief which Baluch requests, we must:

(1) *assume* that the trial court is going to grant a summary judgment;

(2) *assume* that Baluch will not be able to appeal the granting of the summary judgment or that such an appeal will be inadequate;

(3) *assume* that the trial court is not going to abide by the clear mandate of section 14.07 of the Texas Family Code and consider "the best interest of the child" as the primary consideration in determining the questions of conservatorship and support;

(4) *assume* that the guardian ad litem previously appointed will not participate in the proceedings to further protect the best interests of the child; and

(5) *assume* that all of these projected decisions by the trial court will have adverse consequences upon the minor child.

Thus, we must pile assumption upon assumption in order to grant the relief which is requested. If the trial court did all of the assumed actions which Baluch anticipates, I would be the first to say that intervention by this Court would be appropriate; however, mandamus should not be

granted based upon anticipated results and speculation.

## CONCLUSION

It is not our function to referee the constant and myriad decisions a trial court makes in proceeding from the filing of a cause of action to final judgment. *W.W. Rodgers & Sons Produce Co. v. Johnson,* 673 S.W.2d 291, 293 (Tex.App.—Dallas 1984) (orig. proceeding). Mandamus is an extraordinary remedy and should never be granted unless the relator proves a clear right to the writ. *See Gonzales v. Stevens,* 427 S.W.2d 694, 701 (Tex.Civ.App.—Corpus Christi 1968) (orig. proceeding). For these reasons, I would deny the petition for writ of mandamus.