Stacie Deneise SHIRLEY, Relator,

v.

Hon. John MONTGOMERY, Judge, 309th District Court, Harris County, Texas, Respondent.

No. C14-89-042-CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 23, 1989.

Dissenting Opinion April 20, 1989.

Rehearing Denied April 20, 1989.

Earle S. Lilly, Pamela E. George, Houston, for relator.

Burta Rhoads, Bryan A. Domning, J. Lindsey Short, Jr., Nancy Ellen Walker, guardian/Atty. ad litem Stewart W. Gagnon, Houston, for respondent.

Before PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

This mandamus proceeding arises out of a complex and hotly contested custody bat-

tle between Stacie Deneise Shirley, relator, and her husband, Charles Earl Shirley, Jr. This case has been on file in the 309th District Court since May 1986. The subject of the suit below is a four-year-old child. The subject of this mandamus proceeding is an order by the trial judge requiring relator to pay $15,000 into the trust fund of the ad litem whom the court appointed to represent the best interests of the child in the custody suit.

We must decide whether the order of the trial court commanding relator to pay the sums to the ad litem may be enforced with discovery sanctions and, if so, whether the trial judge abused his discretion by imposing the sanctions when the evidence showed relator could not comply. We conditionally grant the writ of mandamus.

Some evidence has been presented to the court to support allegations of kidnapping, intentional interference with child custody, physical assault, emotional abuse, and illegal drugs. Certain criminal charges are pending that grew out of this action. The parties and third party defendants have filed more than 200 instruments with the court. As of mid-January 1989, one party had 77 names on its witness list filed pursuant to discovery. Many hours have been expended by all parties during the discovery phase of this case.

Relator and her parents have expended substantial sums of money. Relator testified her parents gave her $16,000 to pay her first lawyer and also gave her $100,000 to pay her subsequent divorce counsel. In addition, relator testified her parents gave her $50,000 to pay an attorney for his representation of her in criminal matters which have arisen out of the facts of the divorce suit. Finally, relator's parents paid $20,000 to yet another law firm.

The instant controversy arose in December 1988 when the trial judge signed and entered an order requiring relator to pay $15,000 into the ad litem's trust account. Upon relator's failure to pay the money into his trust account, the ad litem filed a Motion for Contempt and/or Motion for Sanctions. At a contempt hearing on the motion, the ad litem, relator, and her par-

ents testified as to the nature of the sums and relator's ability to pay them.

After hearing the testimony, the trial judge concluded relator's failure to pay the ad litem's costs were preventing the ad litem from conducting discovery needed to prepare his case in the best interest of the child. The judge ordered her to pay $15,000 into the ad litem's trust account by January 23, 1989, or he would strike her pleadings and would not allow her to introduce evidence or call witnesses at trial.

Relator then filed her petition for writ of mandamus seeking relief from the trial judge's order. She complains that the order in question is not enforceable through discovery sanctions and, further, that she is financially unable to comply with the order.

## THE NATURE OF THE ORDER

Section 11.11 of the Texas Family Code provides that in a suit affecting the parent-child relationship, the court may enter a temporary order for the safety and welfare of the child. Temporary orders may include orders for payment of reasonable *attorney's fees* and *expenses*. TEX. FAM.CODE ANN. § 11.11(a)(5) (Vernon 1986). Pursuant to § 11.11, the trial judge had authority to order relator to pay the money as either expenses or attorney's fees.

Relator contends the trial judge's order was for payment of the ad litem's attorney's fees, *not* costs or expenses related to discovery. Accordingly, relator contends that sanctions usually available for abuse of discovery were not available to the trial judge and he abused his discretion when he imposed discovery sanctions and ordered her pleadings stricken. The trial judge and the ad litem respond that the money was to fund discovery the ad litem needed to represent the best interests of the child.

In a mandamus proceeding, it is relator's burden to file all relevant exhibits when the motion for leave to file petition for writ of mandamus is filed. The record before this court includes the statement of facts from the contempt hearing, the ad litem's motions, and the resulting orders of which

relator complains. In addition, the respondent trial judge has included with his brief several docket sheets relevant to the orders in question. As demonstrated below, consideration of the record shows the judge's order was intended to allow discovery and, as such, was properly enforced with discovery sanctions.

In his "Motion for Deposit of Costs," considered on October 11, 1988, the ad litem requested "his attorney's fees be taxed as *costs* and ordered paid directly to the Attorney/Guardian Ad Litem" (emphasis added). The trial judge ordered relator to pay $15,000 as security for *costs* of Guardian Ad Litem before November 11, 1988:

> IT IS ORDERED that STACIE DENEISE SHIRLEY pay directly to Guardian/Attorney Ad Litem ... to be deposited in his trust account as *security for costs* of Guardian/Attorney Ad Litem, the amount of FIFTEEN THOUSAND and No/100 Dollars ($15,000.00) ... (emphasis added).

Later, in his "First Amended Motion for Contempt and/or Motion for Sanctions and Notice of Hearing," the ad litem alleged that "Respondent's failure to pay said interim fees is preventing the minor child's attorney from *properly preparing for trial.*" (emphasis added).

On January 4, 1989, the court held a hearing on the ad litem's motion for contempt. The statement of facts from the contempt hearing is part of the record before this court. At the hearing, the ad litem testified he had absorbed some expense of discovery himself and had exhausted $5,000 paid into his trust account by Charles Shirley. He testified he had been precluded from undertaking further discovery because of relator's failure to comply with the order. In particular, he stated he needed to travel to Dallas to speak with FBI agents about a related case and also wished to obtain some of Charles Shirley's employment records but had been unable to do so because of lack of funds. After the hearing, the court found that "Respondent's failure to pay said interim fees has prevented and is preventing the minor child's attorney from properly pre-paring for trial and from *conducting the required discovery* in this case." (emphasis added).

On January 5, 1989, the court signed another "Order for Deposit and Release." That order specifically stated the $15,000 was to be "used for independent and adequate representation of the minor child and *for discovery* relating to the above-styled case." (emphasis added). The order gave relator until January 23, 1989 to pay the money.

Also on January 5, the court, in its "Order on Motion For Sanctions," granted the motion for sanctions and ordered respondent's pleadings stricken if she did not pay the $15,000 into the ad litem's trust fund by the January 23 deadline. The trial judge also ordered that respondent not be allowed to introduce matters into evidence or call witnesses at the time of trial if the $15,000 was not paid as ordered.

As further evidence of the nature of the orders in question, the trial judge has included copies of docket sheets in the instant case. We have examined those docket sheets, and it is clear that most of the hearings and orders between May 1986 and the present have involved discovery. In addition, there is evidence from the hearing and the docket sheets that the trial judge bifurcated the request for interim attorney's fees and awarded fees only for pre-trial preparation and discovery.

In pertinent part, Rule 215(2)(b) of the Texas Rules of Civil Procedure states:

> If a party ... fails to ... *obey an order to provide or permit discovery* ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just ... (emphasis added).

Rule 215 goes on to list certain non-inclusive sanctions for abuse of discovery. One of the sanctions enumerated under Rule 215 is the striking of a party's pleadings upon its failure to comply with a discovery order. TEX.R.CIV.PRO. 215(2)(b), (5).

We believe, from the foregoing, that the purpose of the January 5, 1989 order was to allow the ad litem to conduct discovery to represent the best interests of the child.

Further, the order was intended to secure relator's compliance with the earlier order of November 11, 1988.

Relator argues that the instant case is governed by *Baluch v. O'Donnell*, 763 S.W.2d 8 (Tex.App.—Dallas 1988, n.w.h.). We disagree. *Baluch* involved an order requiring the husband in a divorce suit to pay his wife's interim attorney's fees. When the husband failed to make the payments, the trial judge in that case ordered his pleadings stricken. Upon the husband's petition for writ of mandamus, the court of appeals granted relief finding that the trial judge's use of a discovery sanction was inappropriate to enforce an order to pay attorney's fees. While in the present case there has been much said about attorney's fees, the language of the orders as well as the testimony at the contempt hearing make it clear that the money in the present case was to be used for discovery costs and expenses, not attorney's fees. We, therefore, hold that *Baluch* is inapplicable to the present case.

## DISCOVERY SANCTIONS IN THIS CASE

■ Relator argues that even if the order in question were an order amenable to Rule 215 sanctions, the trial judge abused his discretion when he ordered her pleadings stricken and prohibited her from offering evidence and calling witnesses at trial, in the face of testimony that established her indigence. In addition, she argues that the best interests of the child will not be served if the child's mother is prevented from offering any evidence at trial and forced to an appeal and a probable retrial.

The ad litem and respondent argue that relator's parents have produced funds for her legal expenses in the past and could most certainly pay an additional $15,000 to help cover the ad litem's costs in preparing for trial. Further, they contend that mandamus should not lie because the sanction is appealable and, thus, relator has an adequate remedy at law.

Mandamus may issue only to correct a clear abuse of discretion or a violation of a legal duty. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1985). A court will deny mandamus if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986).

In determining whether there was an abuse of discretion by the trial judge in ordering relator's pleadings stricken, we will consider the record filed in this mandamus proceeding. At the hearing on the ad litem's motion for contempt and sanctions, relator was questioned about her ability to pay the $15,000. Relator testified that, since October 11, 1988, the date of the first order for costs, she had not paid even her own attorney. She testified she was currently employed and was making $5 per hour. In addition, relator testified she had no assets of any value and had, maybe, $200 saved. She also testified that if she had the opportunity to pay the ad litem the ordered amounts over a period of time, she would be willing to make monthly payments.

Relator further testified her parents had given her money to pay her legal counsel as an advance on her inheritance. However, she testified her parents were no longer willing to advance her money for her legal fees. Relator's parents, E.L. Robert and Shirley Robert, were called as witnesses at the hearing. Mr. Robert testified, "I had spent my last dollar toward this case and I wasn't going to spend any more."

We hold that, based upon the testimony at the contempt hearing, the facts of the case would have permitted only one decision by the trial judge: relator did not have $15,000 to pay into the ad litem's trust account and her parents, although they had given her large amounts in the past, were no longer willing to finance her custody battle with Charles Shirley.

■ We next consider the question of appealability. Ordinarily, mandamus will

not lie if the relator has an adequate remedy on appeal. *Street,* 715 S.W.2d at 639–40. In the present case, assuming relator's pleadings are stricken and judgment results for Charles Shirley, relator would be able to appeal the trial judge's ruling as an abuse of discretion. There are instances, however, in which a party can be so prejudiced by discovery sanctions that appeal will not be adequate. *See Jampole v. Touchy,* 673 S.W.2d 569, 576 (Tex.1984). In this child custody case, the overriding consideration is the best interest of the four-year-old child. TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1986). We believe it will be in her best interest for her mother to have a forum in which to present her claim of conservatorship in the upcoming trial, without having to await an appeal and possibly a second trial. In this case we hold that an appeal is not an adequate remedy. In addition, where the relator has demonstrated that she cannot comply with a discovery order, we hold the trial judge abused his discretion when he ordered relator's pleadings stricken.

We conditionally grant the mandamus only to the extent that the trial court is directed to set aside the January 5, 1989, order striking relator's pleadings and disallowing her offering any evidence or calling any witnesses at trial. The writ will issue only if the trial court does not follow our directive.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the Court, I record my respectful dissent. I would hold that the order signed by the Honorable John Montgomery on January 5, 1989, is properly enforceable by sanctions and is within the sound discretion of the Court. I would, accordingly, deny relator's petition for writ of mandamus.

Relator has petitioned the Court of Appeals to affirm her proposition that a district court is powerless to enforce an order requiring a parent to pay interim attorney's fees to an attorney ad litem on behalf of a minor child in a custody suit. The funds in question have been specifically designated for the fees and expenses incident to the pursuit of discovery. Relator claims that such an order cannot be enforced by sanctions, or by any other means available to the district court. Implicit in the grant of this Mandamus is a message to all parents, children, and attorneys embroiled in custody battles in this state that avoidance of interim attorney fee awards to an appointed attorney ad litem is condoned and that refusals to pay court-ordered monies to minors' lawyers may be permitted because there is no remedy to enforce compliance. Such a ruling subtly deprives Texas children from effective representation in litigation which directly impacts their lives. This result contravenes the Court's constitutional powers over minors within its jurisdiction and the substantive provisions of the Texas Family Code which were drafted with the intent to protect minor children and to uphold their best interests.

I agree with the majority that the Court order is enforceable under Rule 215 of the Texas Rules of Civil Procedure (Vernon Supp.1988). Relator asserts that Rule 215 sanctions are not available against her because she has not disobeyed any "discovery orders" of the Court. Such an interpretation of this procedural rule is too narrow. There can be no doubt that an award of interim attorney's fees to *any* party in a suit conducted under the Texas Family Code or any other civil statute is to provide that party with the means to conduct and complete pre-trial matters. The bulk of pre-trial procedure in any litigation is focused on the seeking of the truth, e.g., discovery. The revelations of the facts of the case through interrogatories, requests for admissions and production, scheduled depositions, the identification and examination of witnesses, and necessary preparation of evidence are all necessary and requisite activities in preparing a case for a trial.

The attorney ad litem testified he had exhausted the funds provided to him by the child's father by participating in and paying for copies of depositions. The ad litem stated that he was prevented from conducting necessary additional discovery to adequately represent his client because rela-

tor, the mother, had not paid her court ordered share of the costs. The Court found relator's refusal to pay was without justification and unexcused. *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909); *Worldwide Anesthesia Assoc., Inc. v. Bryan Anesthesia, Inc.*, 765 S.W.2d 445 (Tex.App.—Houston [14th Dist.] 1988, no writ). Such behavior should be sanctionable under the law. If the lower Court is not entitled to impose sanctions in this situation or similar situations, then parents in custody battles, by refusing to pay such ordered fees, will be permitted to (1) undermine the court's appointment of independent counsel, (2) deprive the child of effective representation, and (3) block the discovery of evidence which will serve the best interest of the child. Moreover, to allow mandamus for such refusals pays lip service to the constitutional duty of the Court to protect all minors within its jurisdiction. TEX. CONST. ART. V, § 8. Likewise, such a ruling impairs the effectiveness of the statutory safeguards provided in the Texas Family Code for the protection of minors who are the focus of a suit affecting the parent-child relationship. TEX.FAM.CODE ANN. § 11.01 *et seq.* (Vernon 1986 & Vernon Supp.1988).

The Court's January 5, 1989, order is also enforceable under rule 143 of the Texas Rules of Civil Procedure. Rule 143 entitled "Rule For Costs" states:

> A party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. If such rule be entered against any party and he failed to comply therewith on or before twenty (20) days after notice that such rule has been entered, the claim for affirmative relief of such party shall be dismissed.

Relator was on notice since October 11, 1988 that the Court had ordered her to give security for costs, in the amount of $15,-000, payable to the attorney ad litem herein to be placed in his trust account. Because she never complied with this order, relator was subject to the penalties imposed by Rule 143 as well as Rule 215 of the Texas Rules of Civil Procedure. The Court was well within its authority to dismiss her claim for affirmative relief by prospectively striking her pleadings in its January 5, 1989 Order on Motion for Sanctions. The Supreme Court of Texas has previously held that a trial court is within its sound discretion in dismissing litigation where a party has failed to file security for costs in a timely manner. *Clanton v. Clark*, 639 S.W.2d 929 (Tex.1982).

I would deny relator's petition for writ of mandamus because she has an available and adequate remedy on direct appeal. There exists a two pronged inquiry to the test for granting a petition for writ of mandamus: (1) whether the trial court's ruling demonstrates a clear abuse of discretion, and (2) whether there is an adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569, 572–573 (Tex. 1984). This Court of Appeals has no authority to grant mandamus because an adequate remedy at law exists by direct appeal. The wrongful imposition of sanctions is subject to review by direct appeal after final judgment. *Central Freight Line v. White*, 731 S.W.2d 121, 121–22 (Tex.App.—Houston [14th Dist.] 1987) (original proceeding). When an appellate court grants relief absent an abuse of discretion and absent an adequate remedy at law, it acts in excess of its writ power. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986).

The majority holds that, based upon the testimony at the contempt hearing, the facts of this case would have permitted only one decision by the trial judge—that relator did not have the money to pay the ordered costs for the ad litem despite the fact that her parents, who have funded the existing litigation on her behalf, declare they are no longer willing to pay. In short, the majority substitutes its views in lieu of the lower Court's. The lower Court is fully vested with the authority and discretion to determine, among other things, credibility of the parties. *Southwestern Bell Tel. Co. v. Johnson*, 389 S.W.2d 645 (Tex.1965).

The majority ignores this fact by finding an abuse of discretion on the premise that the record is uncontroverted as to relator's assertion of her inability to pay the ordered costs. If the imposition of the sanctions against relator were wrongful, then it would be a proper subject for review by direct appeal.

I would deny relator's petition for writ of mandamus.