MARTIN–MATTHEWS OIL
COMPANY, Appellant,

v.

BERWICK BAY OIL COMPANY,
INC., Appellee.

No. 09–88–265 CV.

Court of Appeals of Texas,
Beaumont.

March 22, 1990.

Rehearing Denied April 11, 1990.

Walter D. Snider, Greg M. Dykeman, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellant.

Geoffrey H. Bracken, Sewell & Riggs, Houston, for appellee.

## OPINION

WALKER, Chief Justice.

This is an appeal from a judgment of the trial court resulting from an order for Intervenor/Appellee, Berwick Bay, against Appellant, Martin–Matthews. The amount of the judgment was $79,700.00 plus interest. The order was based on Berwick Bay's motion for sanctions, pursuant to TEX.R.CIV.P. 215. The trial court's order does not further specify upon what theories judgment was based.

On September 14, 1984, appellant (Martin–Matthews) filed suit against Petro–Gulf Fuels, Inc. and James Spencer for an alleged default on a promissory note and to foreclose upon its security interest in Petro–Gulf's inventory. After a bench trial on August 21, 1986, the trial court signed a judgment on October 9, 1986, in favor of

appellant (Martin–Matthews) and against Petro–Gulf and Spencer for the amount owing on the note, plus interest and attorney fees. The judgment also stated the following:

"as the agreement between Defendant, James J. Spencer, and Berwick Bay Oil Company is a consignment and Plaintiff (appellant herein) has priority over Berwick Bay Oil Company and is entitled to foreclosure on its security interest in the diesel fuels inventory held for the purpose of resale by James J. Spencer and/or Petro–Gulf Fuels, Inc., at the Mc-Ewan Terminal, ... and the security interest of Martin Matthews Oil Company in said diesel fuels inventory at the afore-described McEwan Terminal is foreclosed; ..."

The trial court then signed an order for the sheriff to sell such diesel fuel as under execution. The fuel was sold at a sheriff's sale on October 23, 1986. The appellee, Berwick Bay Oil Company, Inc., filed a petition in intervention and a motion for new trial claiming ownership of the diesel fuel in question on October 29, 1986.

Appellee's petition in intervention alleged that it was the owner of the diesel fuel in question and that appellee's right to the fuel was superior to that of the appellant (Martin–Matthews), if any. Appellee's motion for new trial sought an opportunity to prove its claims to the proceeds of the sheriff's sale. On November 7, 1986, appellant (Martin–Matthews) filed a motion to strike appellee's plea in intervention and a response to appellee's motion for new trial.

On December 6, 1986, the trial court signed an order that intervenor/appellee be permitted to intervene in the case and that intervenor/appellee was entitled to a hearing before the court "in order to assert its claim to all proceeds received from the aforementioned sale."

On December 22, 1986, the trial court conducted a hearing in which all parties presented evidence. On February 6, 1987, the trial court signed an order severing appellee's cause of action against appellant concerning appellee's rights to the proceeds of the sheriff's sale from appellant's suit against Spencer and Petro–Gulf. The order of severance decreed that separate judgments "be entered in the severed causes, each judgment to be final and dispose completely of all of the issues between all parties in the respective suits."

The trial court signed a judgment in the severed cause between appellant and appellee on March 31, 1987. This judgment ordered that appellee (Berwick Bay) take nothing by its suit against appellant (Martin–Matthews). On May 4, 1987, the trial court entered findings of fact and conclusions of law in response to a request from appellee. On May 8, 1987, the trial court ordered that the findings of fact and conclusions of law entered on May 4, 1987, be set aside and entered revised findings and conclusions. Appellee (Berwick Bay) perfected its appeal from the judgment signed by the trial court on March 31, 1987.

On February 25, 1988, the Ninth Court of Appeals held that the trial court erred in entering judgment because Berwick Bay was not bound by any determination in the suit between Martin–Matthews and Spencer and Petro–Gulf. The judgment of the trial court was reversed and the cause was remanded for new trial.

After remand, the trial court pursuant to the motion of Berwick Bay Oil Company, ordered Martin–Matthews to return the proceeds from the sale of the diesel fuel under execution to the registry of the court. Due to an economic downturn and its present financial situation, Martin–Matthews takes the position that it was unable to comply with the order.

Appellee (Berwick Bay) filed intervenor's motion for sanctions seeking to strike the pleadings of appellant and have a judgment entered in its favor in the amount of $79,-700.00. Based solely on appellee's motion for sanctions, the trial court struck the pleadings of appellant in their entirety and entered judgment in appellee's favor for the sum of $79,700.00 plus interest.

▮ Complex, though the chain of events leading up to this appeal may be, the appellant has in its first points of error properly addressed the crucial issues, i.e.,

did the trial court have authority under Rule 215 of the TEX.R.CIV.P. to strike appellant's pleadings and order the return of the $79,700.00 into the registry of the court and was there any evidence to support such order?

There is no authority or evidence to support the judgment of the trial court. The order granting judgment to appellee from which this appeal is sought reveals that the order was entered as a result of the trial court granting intervenor/appellee's motion for sanctions regarding the trial court's previous orders, dated May 13 and May 31, 1988. The only authority upon which such action could possibly be based is TEX.R.CIV.P. 215 which was referenced in intervenor/appellee's motion for sanctions and supplemental motion for sanctions, as follows:

"Comes now, Intervenor Berwick Bay Oil Company, Inc. ("Berwick Bay") and files, *pursuant to Rule 215 of the Texas Rules of Civil Procedure ...".*

Rule 215 is entitled "Abuse of Discovery; Sanctions." Its subparts include:

"1. Motion for Sanctions or Order Compelling Discovery;

2. Failure to Comply with Order or with Discovery Request;

3. Abuse of Discovery Process in Seeking, Making or Resisting Discovery;

4. Failure to Comply with Rule 169;

5. Failure to Respond to or Supplement Discovery;

6. Exhibits to Motions and Responses."

It is apparent that Rule 215 addresses matters relating to discovery. There is no provision of Rule 215 which would allow the court to enter judgment against appellant based on its inability to return the proceeds to the registry of the court.

There is no other authority in appellee's motion or the order granting judgment indicating any common law or statutory basis for the judgment.

Further, the trial court was made aware of the financial condition of appellant and the appellant's inability to pay the proceeds back into the registry of the court by way of appellant's motions respecting of the court orders of May 13, 1988, and May 26, 1988. Nevertheless, the trial court, without the presentment of *any evidence,* arbitrarily struck the pleadings of appellant in their entirety allowing a judgment on the merits to be granted in favor of appellee.

There was never any evidentiary hearing before the trial court nor any other type of admissible testimony. Appellant was ordered to pay back $79,700.00 approximately two years after the funds were received. After giving appellant less than one month to obtain the funds, the court entered a judgment against appellant in that amount based apparently on the trial court's perception of the financial condition of appellant.

This Court finds no authority, certainly not Rule 215, which gives the court power to enter a judgment on the merits against appellant because of its inability to return the proceeds awarded to it by that court.

Our Supreme Court, in the case of *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839 (Tex.1987) made it clear that a trial court may impose sanctions for abuse of the discovery process, however, a trial court abuses that discretion "if the sanction it imposes does not further *one of the purposes that discovery sanctions were intended to further."*

"The purposes of discovery sanctions are to:

(1) secure the parties compliance with the rules of discovery;

(2) deter other litigants from violating the discovery rules; and

(3) punish parties that violate the rules of discovery."

Citing *Ebeling v. Gawlik,* 487 S.W.2d 187, 190 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985); *Jarrett v. Warhola,* 695 S.W.2d 8 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd.). For a more historical review of Rule 215, see *Baluch v. O'Donnell,* 763 S.W.2d 8 (Tex.App.—Dallas 1988, no writ). What the trial court did in *Baluch* was very similar to the trial court's action in our case. In *Baluch,* the trial court sanc-

tioned the realtor (father) for failure to pay attorney's fees under a court order by a certain date by striking the realtor's pleadings. The Dallas Court held that such action by the trial court was arbitrary and capricious and beyond the authority granted to the court pursuant to Rule 215(2)(b) and the enunciated principles governing discovery sanctions.

Appellee cites several cases addressing a trial court's judicial powers which may be called upon to aid in its exercise of both legal and equitable jurisdiction, however, no case cited by appellee comes even close to addressing the case before us. Again, the only relief sought by appellee in its motion for sanctions and its supplemental motion for sanctions, was for relief pursuant to Rule 215 and this Court is of the opinion that appellee's prayer in said motion for general relief either at law or in equity, must be viewed from the standpoint of how such legal or equitable relief could be granted under or pursuant to TEX.R. CIV.P. 215.

There is nothing in the record before us showing that appellant failed or refused to comply with the discovery process or in any way abused such process. There was apparently no discovery sought by appellee to determine the truth or falsity of the affidavit of Mr. James Martin regarding the economic and cash flow problems experienced by appellant. The most that can be gleaned from the record is that based upon the urgings of the appellee, the trial court assumed that appellant could and should return the monies to the registry of the court and since appellant did not do so, the discovery process had been abused. This is certainly not the intent, purpose nor proper use of Rule 215, nor is such action by the trial court encompassed by the general prayer for relief made by appellee.

Appellant, in its brief, has raised as a point of error the possible violation of the due process clause of the 14th Amendment to the Constitution of the United States of America. However, in view of this Court's opinion as to points of error one and two, there is no need to address that constitutional issue.

It is the feeling of this Court that this case should be reversed and remanded for a trial on the merits.

REVERSED and REMANDED.