**D.A. BUCKNER CONSTRUCTION, INC., Relator,**

v.

**Honorable Carolyn Day HOBSON, Judge of the County Civil Court At Law No. 3 of Harris County, Texas, Respondent.**

No. C14–90–00195–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 1990.

Albert E. Hollan, Houston, for relator.

Bruce K. Watkins, Houston, for respondent.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This mandamus concerns an order by the Respondent requiring the relator to pay $500 to a real party in interest as a sanction for failing to replead a counterclaim. We conditionally grant the writ of mandamus.

The underlying litigation involves a breach of contract between the relator and Southwestern Bell Media, Inc. (S.W.). S.W. sold a yellow pages advertisement to the relator which was allegedly cancelled the next day. S.W. denied that a cancellation had occurred and sued relator for breach of contract. Relator counterclaimed alleging that S.W. was in breach of its contract and had engaged in a deceptive trade practice. S.W. specially excepted to his counterclaim twice and relator replead both times. At a hearing on a third set of special exceptions, Respondent ordered relator to replead. He complied except for two allegedly duplicate paragraphs which were not changed. S.W. filed a Motion for Partial Dismissal of relator's counterclaim. Respondent denied the Motion for Partial Dismissal and ordered the relator to replead the two paragraphs. By an order signed February 6th, 1990, Respondent also ordered the relator to pay $500 dollars to S.W. as a sanction. Relator complains that the monetary sanction is beyond the Respondent's authority.

A trial judge can impose either contempt or sanctions as types of punishment. Contempt is punishable by a fine of up to $500 which is paid to the State of Texas. TEX. GOV'T CODE ANN. § 21.002. Sanctions are authorized when "a party fails to comply with proper discovery requests or (fails) to obey an order to provide or permit discovery ...". TEX.R.CIV.P. 215. Respondent's order of February 6th was not properly one of contempt since the $500 was to be paid to S.W. It was also not an order for alleged discovery abuse since special exceptions are not discovery requests. Special exceptions are objections to pleadings filed by an opposing party. *See* TEX. R.CIV.P. 91.

It is well settled that when special exceptions are sustained, as here, the pleader has two options: (1) he may, as a matter of right, amend his petition, or (2) he may refuse to amend and thereby test the validity of the ruling on appeal. *Davis v. Quality Pest Control,* 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e); *McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e). If the pleader refuses to amend his pleadings, the trial court may, by further order, strike the objection-

able portion of the pleadings, *See Ship Ahoy, Inc. v. Whalen,* 347 S.W.2d 662, 663 (Tex.Civ.App.—Houston 1961, no writ), and dismiss the suit if the remaining allegations in the petition fail to state a cause of action. *Geochem Lab., Inc. v. Brown & Ruth Lab., Inc.,* 689 S.W.2d 288 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e); *Farias v. Besteiro,* 453 S.W.2d 314, 317 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e). *See also* 3 R. McDonald, Texas Civil Practice in District and County Courts § 10.14.5.

■■■ Mandamus is available where there is either a clear abuse of discretion or a clear violation of law and where there is no adequate remedy by appeal. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). Mandamus relief is also available where a trial court's order is void. *Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973). In the instant case, S.W. did not ask for any sanction other than the dismissal of the relator's pleadings about the counterclaim. Respondent ordered the payment of monetary sanctions *sua sponte* and without any notice to relator that such a penalty might be imposed. Sanctions of this kind are authorized only in the context of the discovery process, and not for special exceptions. The Respondent could have stricken the relator's pleadings relating to the counterclaim. There is no authority allowing a trial court to impose sanctions *sua sponte* on the facts of this case. *Zep Mfg. Co. v. Anthony,* 752 S.W.2d 687 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding); *Baluch v. O'Donnell,* 763 S.W.2d 8 (Tex.App.—Dallas 1988, orig. proceeding). The dissent's discussion of TEX.R.CIV.P. 13 in this area is misplaced. Neither relator, respondent, nor any real party in interest has raised a complaint under this rule. Rule 13 allows for the imposition of sanctions on the court's own motion but requires that "good cause" for such a penalty be stated in the sanction order. Respondent's order of February 6, 1990 does not state any good cause with particularity. Further, Rule 13 requires that the notice and hearing procedures of TEX.R.CIV.P. 215(2)(b) be followed. Respondent's order was without notice or hearing.

Under these circumstances, the trial court's order is void, and mandamus will lie to vacate such an order. *State v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972).

The petition for mandamus is granted unless Respondent vacates her order of February 6, 1990.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would deny Relator's Petition for Writ of Mandamus because I believe the relator has an adequate remedy by appeal. Mandamus is only available where there is either a clear abuse of discretion or a clear violation of law and where there is no adequate remedy by appeal. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985).

In Texas sanctions are reviewable only on appeal from a final judgment. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); stating that appellate courts normally review only final and definite judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985); stating that unless a statute specifically authorizes interlocutory appeals, courts have jurisdiction only over final judgments.

Mandamus is not available as a remedy for attacking a court's order of sanctions. Mandamus is an extraordinary remedy properly used only when there is no other adequate legal remedy. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

The majority makes the following contentions: Southwestern Bell Media, Inc. did not ask for any sanction other than the dismissal of the relator's pleadings about the counterclaim; respondent ordered the payment of monetary sanctions *sua sponte* and without any notice to relator that such a penalty might be imposed; sanctions of this kind are authorized only in the context of the discovery process, and not for special exceptions; Respondent could have stricken the relator's pleadings relating to the counterclaim. The majority concludes

that there is no authority allowing a trial court to impose sanctions *sua sponte.*

The majority is wrong because under Rule 13 of the Texas Rules of Civil Procedure, if a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or *upon its own initiative* shall impose sanctions available under Rule 215(2)(b), upon the person who signed it, a represented party or both. TEX.R.CIV.P. 13.

In my opinion, Judge Carolyn Day Hobson had the authority under Rule 13 to sua sponte impose sanctions, but the propriety of her decision should be challenged by appeal and not by Mandamus.

I would deny the petition for mandamus.