Affirmed and Opinion filed June 6, 2002









Affirmed and Opinion filed June 6, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00210-CV

____________

 

UNITED PLAZA-MIDLAND L.L.C., Appellant

 

V.

 

CHASE BANK OF TEXAS, N.A., Appellee

 



 

On Appeal from the
234th District Court

Harris
County, Texas

Trial Court Cause
No. 00-28154

 



 

O P I N I
O N

This is
an appeal from a judgment dismissing appellant=s claims with prejudice.  In six issues, appellant claims the trial
court erred in (1) sustaining special exceptions to appellant=s claims, (2) granting appellee=s no evidence motion for summary
judgment, and (3) finding no fraud violation. 
We affirm.  

Factual
and Procedural Background








Appellant,
United Plaza-Midland L.L.C. (AUnited@), opened a business checking account with appellee, Chase
Bank of Texas, N.A. (AChase@), on July 1, 1998.  By
opening the account, United agreed to follow the procedures outlined in the ATerms and Conditions of Deposit
Accounts for Business Accounts@ and AServices and Fees Schedule for Business Accounts.@ 
These documents express Chase=s authority to charge United=s account $25.00 for every check
written on insufficient funds.  Chase=s procedures further provide
that  uncollected deposits Amay result in an overdraft if there
are insufficient balances@ in the account.

On
September 27, 1999, Chase returned eight checks presented for payment against
insufficient funds and assessed a $200.00 charge against United=s account.  United filed suit on June 1, 2000, alleging
Chase=s failure to pay these checks (1)
breached United=s agreement with Chase, (2) violated section 34.303 of the
Texas Finance Code, (3) violated the Deceptive Trade Practices-Consumer
Protection Act (ADTPA@), (4) breached Chase=s duty of good faith and fair
dealing, (5) constituted extortion, and (6) entitled United to attorney=s fees and an accounting.  Chase filed special exceptions to United=s petition.  The trial court sustained the special
exceptions and dismissed all of United=s claims except breach of agreement.  The trial court gave United thirty days to
re-plead the breach of agreement claim with specificity.  United amended its petition, alleging that
Chase breached the ATerms and Conditions of Deposit Accounts for Business
Accounts@ agreement (the AAgreement@).[1]  United=s amended petition also contained
claims that Chase failed to exercise ordinary care and committed fraud.  Chase filed a motion to strike United=s claims or, in the alternative, a no
evidence motion for summary judgment under Rule 166a(i).  The trial court granted Chase=s motion and dismissed all of United=s claims with prejudice.  United moved for a new trial, which was
denied by the trial court on February 5, 2001. 
This appeal followed.  








Standards
of Review 

Special
Exceptions

We
review de novo a trial court=s dismissal upon special exceptions;
the legal question being whether the pleadings stated a cause of action.  Boales v. Brighton Builders, 29 S.W.3d
159, 163 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  This court is required to accept as true all
factual allegations set forth in the pleading. 
Id.  Generally, when the
trial court sustains special exceptions, the pleader has two options: (1) amend
the petition, as a matter of right, or (2) refuse to amend and thereby test the
validity of the ruling on appeal.  D.A.
Buckner Constr., Inc. v. Hobson, 793 S.W.2d 74, 75 (Tex. App.CHouston [14th Dist.] 1990, orig.
proceeding).  However, when there is a
defect in the pleadings that cannot be cured by an amendment, the trial court
may dismiss claims without providing an opportunity to amend the defect.  Zaremba v. Cliburn, 949 S.W.2d 822,
829 (Tex. App.CFort Worth 1997, writ denied). 

Summary
Judgment








Under
Rule 166a(i), a party may move for summary judgment on the ground that no
evidence supports one or more of the essential elements of a claim or defense
on which an adverse party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i). We review a no evidence summary judgment de novo
by construing the record in the light most favorable to the nonmovant and
disregarding all contrary evidence and inferences.  Merrill Dow Pharm., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  A no
evidence summary judgment is improperly granted when the respondent brings forth
more than a scintilla of probative evidence that raises a genuine issue of
material fact.  Tex. R. Civ. P. 166a(i); Coastal Conduit & Ditching,
Inc. v. Norman Energy Corp., 29 S.W.3d 282, 284 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  Less than a scintilla of evidence
exists when the evidence is Aso weak as to do no more than create a mere surmise or
suspicion@ of a fact and the legal effect is
that there is no evidence.  Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

United=s Original Petition 

In its
first three issues, United argues the trial court erred by sustaining Chase=s special exceptions to United=s original petition and dismissing
United=s claims for violations of the Texas
Finance Code, the DTPA, and breach of the duty of good faith and fair dealing.[2]  Accordingly, we must determine whether any of
these claims could have been re-pleaded to state a recognized cause of action
under Texas law.  See Zaremba, 949
S.W.2d at 829.

Texas
Finance Code  ' 34.303

The
trial court sustained Chase=s special exception to United=s claim that Chase violated section
34.303 of the Texas Finance Code by charging $25.00 per check written on Auncollected funds@ rather than Ainsufficient funds.@ 
Section 34.303 expressly permits a bank to charge or penalize account holders
for account activity including, but not limited to, overdrafts,
insufficient funds, or stop payment orders. 
See Tex. Fin. Code Ann.
' 34.303(a) (Vernon 1998).  Here, Chase complied with the law by
disclosing in the Agreement that $25.00 would be charged for every check
written on insufficient funds and further explained that uncollected deposits Amay result in an overdraft if there
are insufficient balances@ in the account. 
Therefore, United could not have re-pleaded this allegation in a manner
that would state a cause of action. 
Accordingly, United=s first issue is overruled. 

DTPA








The
trial court sustained Chase=s special exception to United=s claim that Chase violated
provisions of the DTPA.  United argued
that Chase intended to mislead a prospective customer that it would receive Abetter treatment@ from Chase by using the slogan Awelcome to Chase where the right
relationship is everything.@  We find this case
similar to  Humble National Bank v.
DCV, Inc., 933 S.W.2d 224, 230 (Tex. App.CHouston [14th Dist.] 1996, writ
denied).  In Humble National Bank,
we determined that representations by a banker to his customer that the bank
had a Atradition of excellence@ and Aknows its customers@ were mere puffing or opinion of the
seller and lacked the specificity required to create an actionable warranty
under the DTPA.  Id. at 231.  Similarly here, Chase slogan Awhere the right relationship is
everything@ and representation of Abetter treatment@ are so vague and general they lack
the specificity required to support a DTPA claim.  Id. 
Therefore, United could not have re-pleaded this allegation in a manner
that would state a recognized cause of action. 
We overrule United=s second issue. 

Good Faith
and Fair Dealing

The
trial court sustained Chase=s special exception to United=s claim that Chase breached its duty
of good faith and fair dealing.  Texas
law does not impose a duty of good faith and fair dealing on banks with respect
to account holders.  See, e.g., FDIC
v. Coleman, 795 S.W.2d 706, 708-09 (Tex. 1990).  AThe duty to act in good faith is contractual
in nature, and its breach does not amount to an independent tort.@ 
Crim Truck & Tractor v. Navistar Int'l Transp. Corp., 823
S.W.2d 591, 595 n.5 (Tex. 1992); Adolph Coors Co. v. Rodriguez, 780
S.W.2d 477, 481 (Tex. App.CCorpus Christi 1989, writ denied).  Because no such duty exists as a matter of
law, United could not have re-pleaded this claim so as to state a valid cause
of action.  United=s third issue is overruled. 

United=s Amended Petition








In
issues four through six, United challenges the trial court=s decision to grant Chase=s motion to strike United=s claims or, in the alternative, for
summary judgment.  Because the trial
court=s judgment does not specify the basis
for its ruling, we may affirm on any meritorious ground presented in Chase=s motion.  See K-Mart Corp. v. Honeycutt, 24
S.W.3d 357, 360 (Tex. 2000) (stating that a trial court=s ruling should be affirmed on any
meritorious ground when the trial court does not specify its basis for ruling).


Ordinary
Care

In its
fourth issue, United contends the trial court erred by dismissing United=s claim that Chase breached its duty
to exercise ordinary care.  In its
amended petition United claimed that Chase was subject to tort liability for Athe returning of small checks.@ 
However, the conduct described in United=s petition is nothing more than an
alleged breach of a duty imposed by the parties= agreement.  The relationship of a bank to a general
depositor is contractual in nature.  McCreary
v. Bay Area Bank & Trust, 68 S.W.3d 727, (Tex. App.CHouston [14th Dist.] 2001, pet. dism=d). 
In addition, United presented no summary judgment evidence of conduct by
Chase that would give rise to liability independent of the parties= agreement.  Accordingly, United=s claim sounds only in contract, and
Chase has no basis for recovery under a theory of negligence.  See Southwestern Bell Tel. Co. v. DeLanney,
809 S.W.2d 493, 494 (Tex. 1991).  We
overrule United=s fourth issue. 

Breach of
Contract








United
next complains the trial court erred by granting Chase=s motion for summary judgment on
United=s breach of contract claim.  The summary judgment evidence showed that
Chase did not pay eight checks drawn on United=s account and presented for payment
on September 27, 1999, in the amounts of $3.29, $24.73, $25.31, $25.64, $46.96,
$74.47, $124.65, and $1,187.00.  United
argues sufficient funds were available in its account to cover those eight
checks, and thus Chase breached the Agreement by not paying them.  The only summary judgment evidence United
produced to support this claim is a copy of a bank statement showing United=s account opened on September 27,
1999, with a negative balance of $425.58, but closed that same day with a
positive balance of $1,784.00.  United
argues this supports their claim that funds were Aavailable@ at the time Chase denied payment of
the checks.  At best, however, this
summary judgment evidence merely supports an inference that United made a
deposit into the account at some point before the close of business on
September 27, 1999.  Texas law
specifically authorizes a bank to accept, pay, certify, or charge to an account
of its customer Ain any order convenient to the bank.@ 
See Tex. Bus. & Com.
Code Ann. ' 4.303 (Vernon Supp. 2002). 
The Agreement states that Aany item you deposit is received for
collection only.@  Although the
Agreement provides that the first $100 of a daily deposit is considered Acollected@ on the day of deposit, United=s account balance would still have
been negative based on the balance at the start of business on September 27,
1999.    

Further,
the Agreement details that under Chase=s deposit procedures, the
availability of deposits is based on the deposit=s form and time of deposit.[3]  United failed to present any summary judgment
evidence showing when a deposit was made on September 27, 1999, or in what form
it was made.  Accordingly, we find United
failed to meet its summary judgment burden of presenting more than a scintilla
of proof that Chase breached the Agreement. 
The trial court did not err in granting the no evidence summary
judgment.  United=s fifth issue is overruled.

Fraud 

Finally,
United claims the trial court erred Ain finding that Chase did not commit
fraud.@ 
In its amended petition, United alleged that Chase committed fraud by
dishonoring United=s checks when funds were available.  As with United=s negligence claim, nothing separates
this allegation from United=s claim that Chase breached the Agreement.  See DeLanney, 809 S.W.2d at 494.  Even if United had met its Ano-evidence@ burden of showing that Chase had
breached the Agreement, Athe mere failure to perform a contract is not evidence of
fraud.@ 
Formosa Plastics Corp. USA v. Presidio Eng=rs & Contractors, 960 S.W.2d 41, 48 (Tex. 1998).  Accordingly, this point of error is
overruled.

 








The
judgment of the trial court is affirmed. 


 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed
June 6, 2002.

Panel consists of Justices Yates,
Edelman, and Wittig.[4]

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]   United=s brief on appeal suggests that Chase=s Asales representatives@ offered
a Abetter deal and relationship,@ and the record includes an affidavit of Yigal I.
Bosch, United=s manager 
alleging another agreement whereby Chase would cover the United account
with funds from a separate Chase account in the name of A.Y.S. Enterprises Inc.  However, when United re-pleaded its breach of
contract claim in response to the trial court=s order,
its amended petition did not identify any agreement other than the ATerms and Conditions of Deposit Accounts for Business
Accounts.@  





[2]  The trial
court=s original order also dismissed United=s claim for extortion; however, United does not appeal
the dismissal of this claim.





[3]  According to
these procedures, only funds from electronic direct deposits made before the
transaction cutoff time on a business day are made available the same day Chase
receives the deposit.  All other deposits
are available no sooner than the first business day after the day of deposit. 





[4]  Senior Justice
Don Wittig sitting by assignment.