**CENTRAL FREIGHT LINE, INC., Relator,**

v.

**Honorable Frank O. WHITE, District Judge, 295th Judicial District Court of Harris County, Texas, et al., Respondents.**

**No. A14–87–97–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1987.

Michael Connelly, Robert M. Roach, Jr., for relator.

Jerry D. Conner, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

ORIGINAL PROCEEDING MANDAMUS

J. CURTISS BROWN, Chief Justice.

This is an original mandamus action. Judge Frank White struck Central Freight Lines, Inc. (relator) pleadings and entered a default judgment against it on all issues of liability pursuant to Tex.R.Civ.P. 215(2)(b)(5). Relator seeks a writ of mandamus directing Judge White to vacate his order and reinstate the case for trial on all issues. We have no authority to grant mandamus when adequate remedy at law exists by direct appeal and thus deny relator's petition.

Charles Nelson (plaintiff) filed suit against relator on April 28, 1981. Plaintiff filed his written interrogatories which were answered by relator on April 19, 1983. Interrogatory number seven inquired into the existence of oral or written statements taken from plaintiff by relator's agents, servants or employees. Relator's answer identified a statement of plaintiff that was taken on November 11, 1980. In addition, relator's answer said that "any other statements constitute work product and objection is made to the interrogatory on that ground."

On February 22, 1984, plaintiff took the oral deposition of relator's independent investigator, David Walker. Mr. Walker testified that on September 13, 1980, he had visited plaintiff in his hospital room accompanied by Carol Davis, a court reporter. According to Mr. Walker, Ms. Davis had taken stenographic notes and tape recorded the conversation between plaintiff and Mr. Walker with a recorder concealed in her purse. Ms. Davis' notations and recordings had been reduced to writing and delivered to Mr. Walker. Relator's attorney provided a copy to plaintiff's counsel after Mr. Walker's deposition, with the explanation that the document had never before been mentioned because it was not a "statement" under the Texas Rules of Civil Procedure. Relator's attorney also stated at oral argument that he was embarrassed that the statement had been taken under these circumstances. On January 28, 1987, Judge White signed an order striking relator's pleadings and granting a default judgment on all liability issues based upon this incident and other complained of discovery abuses. We granted leave to file writ of mandamus on February 5, 1987.

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Rule 215(3) provides for review of sanctions for abuse of discretion on appeal after final judgment. This has been interpreted to mean that an adequate remedy at law exists. *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986); *Street*, 715 S.W.2d at 639–40. Wrongful imposition of sanctions is subject to review by direct appeal after final judgment. We, therefore, have no authority to grant the writ of mandamus.

For the reasons set forth we deny the writ of mandamus.