**Ex parte Glen Allen HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04-86-00564-CV.

Court of Appeals of Texas, San Antonio.

July 8, 1987.

James L. Bruner, San Antonio, for appellant.

Gloria Cabrera, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

OPINION

BUTTS, Justice.

Glen Allen Harris appeals from an order denying expunction of his criminal record. We affirm.

TEX.CODE CRIM.PROC.ANN. art. 55.-01 (Vernon Supp.1987) provides:

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and

files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested, or if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction, and is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.13 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

In the present case appellant waived presentment of indictment and entered a plea of guilty based on an information charging him with the felony offense of attempted burglary of a habitation. TEX. CODE CRIM.PROC.ANN. art. 1.141 (Vernon 1977). The trial court adjudged him guilty, assessed punishment at three years' imprisonment, and three weeks later granted appellant's application for probation, thereby suspending imposition of the sentence. The court also imposed certain conditions of probation, which appellant acknowledged in writing. Three years later, on November 10, 1980, the trial court determined that appellant "has satisfactorily fulfilled the conditions of probation imposed against him," and ordered that the judgment of conviction be set aside and the indictment (sic) be dismissed. The order reflects this action was recommended by the adult probation officer of Bexar County.

Looking at the expunction statute to determine at which juncture appellant's right to expunction might attach, we see first, an information was presented against him for a felony offense pursuant to article 1.141, *supra.* Therefore, the civil district court hearing the petition for expunction of the records must make a determination that the information was dismissed because it was presented due to a mistake, false information or lack of probable cause to believe appellant committed the offense, or because the information was void. However, the record shows the felony information was dismissed for one reason only: because appellant successfully completed his term of probation. The court at the expunction hearing therefore could not find any one of the statutory reasons for the dismissal, including the reason that the felony information was dismissed because it was void.[1]

The purpose of article 55.01 is to provide the means for persons who have been wrongfully arrested to expunge those arrest records. *Texas Dept. of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.App.—Texarkana 1981, no writ). But this is a right granted by statute, not common law. An expunction proceeding is a civil proceeding, and the petitioner has the burden of proving compliance with the statutory requirements. *See, Texas Dept. of Public Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ).

Because appellant did not sustain his burden to prove the information was dismissed by the original trial judge, or a trial judge with jurisdiction, for one of the mandated statutory reasons set out in section (1), the district court hearing the expunction proceedings correctly denied the petition. A petitioner must prove there is com-

---

1. The statute requires that the district court hearing the expunction proceedings determine the charging instrument *has been dismissed* because it was void. The statute contemplates that the dismissal has already occurred, not that this district court declare the instrument to be void at the expunction hearing.

pliance with *all* the statutory requirements. Since the proof in this case failed to show the kind of dismissal intended by the Legislature in section (1), it was not necessary to determine whether appellant showed compliance with the provisions of sections (2) and (3). Nor does this reviewing court reach those questions. The point of error that the district court incorrectly denied the petition is overruled.

The judgment is affirmed.