Fred E. RIZK, Relator,

v.

The Honorable Richard W. MILLARD, Judge, 189th Judicial District, Harris County, Texas, Respondent.

No. B14–91–00275–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 6, 1991.

Peter E. Pratt and Cary J. Gray, Houston, for relator.

David T. Maddox, Houston, for respondent.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This Petition for a Writ of Mandamus challenges an order entered by respondent striking relator's pleadings and granting a default judgment against him in *Wesley L. Snyder v. Fred E. Rizk, Richard Muriby and George Howard in the 189th Judicial District Court of Harris County, Texas.* Relator requests that this court command respondent to reinstate relator's answers, set aside the default judgment and set this case for trial on the issue of liability. The petition is denied.

Relator was a member of a joint venture organized to subsidize certain patents on inventions developed by the plaintiff. The plaintiff is an inventor who developed a unique series of laser gun sight systems which were issued patents in both the United States and in numerous other countries in the world. The plaintiff claimed that relator and two other members of the joint venture had agreed to provide unlimited financial support. The level of support failed to meet the plaintiff's expectations, and he subsequently brought suit for breach of contract alleging damages of $200,000 as "prosecution" fees for preventing third parties from infringing upon the patents. Relator counterclaimed seeking recovery of all sums paid to the plaintiff under the agreement.

At the request of the parties, on October 1, 1990, respondent entered an Order of Referral for Mediation. The mediation was conducted on December 18. An oral compromise was negotiated and an initial draft of the settlement agreement was reduced to writing, but it was not signed by either the relator or the plaintiff. The mediator brought all parties into a conference room and repeated the terms of the settlement agreement asking each individual and his counsel to affirm, in the presence of each other, the specific terms of the agreement. All parties indicated that they agreed to the terms of the settlement agreement. No reservations or contingencies were orally expressed.

There is a difference of opinion between the parties as to why the settlement agreement was not signed the same evening it was drafted. According to the respondent, the agreement was not reduced to writing that night solely because counsel for the relator asked if he could attend his son's baseball game. Respondent points to the relator's deposition testimony where relator states that he made no statement that evening qualifying his agreement to the settlement. Relator claims that he equivocated at the conclusion of the mediation stating that he would have to obtain financing to meet his obligation before signing any settlement agreement. Relator's deposition does state that he had no intention of signing the compromise that day.

Relator later advised his counsel that he would be unable to meet his obligations under the compromise. Relator contacted the plaintiff, so informed him, and suggested the case be set for trial. The plaintiff responded that relator's actions violated the compromise and that he would seek all available remedies including a continuation of the litigation, a new lawsuit for breach of the compromise, and costs and expenses of the mediation as sanctions.

After hearing, on proper motions, respondent granted the plaintiff's Motion for Sanctions and on its own motion struck relator's pleadings and entered a default judgment for the plaintiff as to liability. Relator timely filed a Motion for Rehearing

with a request for a hearing. Prior to the hearing, relator filed his petition for mandamus requesting that the respondent be directed to reinstate relator's pleadings, set aside the default judgment, and set the matter for trial on the issue of liability. This court stayed the scheduled hearing on the damages.

■■■ While a trial court has broad discretion in ruling on certain interlocutory matters, an appellate court's discretion is more confined in exercising its mandamus power. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986). Mandamus will issue only to correct a clear abuse of discretion or the violation of a ministerial duty imposed by law when there is no other adequate remedy at law by direct appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *Central Freight Line, Inc. v. White*, 731 S.W.2d 121, 122 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding). Generally, to obtain mandamus a relator must establish three elements: 1) a clear right to the relief sought; 2) a clear violation of a legal duty or gross abuse of discretion by the respondent; and, 3) the lack of any other adequate remedy. *Dallas County by Com'rs Court v. Mays*, 747 S.W.2d 842, 844 (Tex.App.—Dallas 1988), rev'd on other grounds not; *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78 (Tex.1988). There must be a demand made to the respondent for performance of the relief sought and a refusal to perform after demand. *Hawthorne v. La–Man Constructors, Inc.*, 672 S.W.2d 255, 258 (Tex.App.—Beaumont 1984, no writ).

■■■ Respondent claims that this court has no jurisdiction because relator's petition is insufficient under TEX.R.APP.P. 121 which requires that relator file a certified or sworn copy of the relevant order. TEX. R.APP.P. 121(a)(4). In the appendix attached to the petition relator incorporated the trial court's order sanctioning relator and relator's attorney verified the petition with his sworn affidavit pursuant to TEX.R. APP.P. 121(a)(2)(F). This is sufficient to comply with the requirement of Rule 121. *Progressive Insurance Companies v.*

*Hartman*, 788 S.W.2d 424, 427 (Tex.App.—Dallas 1990, orig. proceeding). This court has jurisdiction under TEX.GOV'T CODE ANN. § 22.221(b) (Vernon Pamph.1991).

■■■ Relator argues that mandamus should issue because respondent's order constituted a gross abuse of discretion and is void. Relator contends that the unsigned settlement agreement was unenforceable and relator had an absolute right to revoke his consent to it under TEX.R. CIV.P. 11 since that rule, entitled Agreements to be in Writing, states:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced *unless it be in writing, signed and filed with the papers as part of the record* or unless it be made in open court and entered of record.

In *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984), the Texas Supreme Court held that Rule 11 is a *minimum* requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments. *Id.* at 528. As a general rule, compliance with Rule 11 is a prerequisite for any judgment enforcing an agreement on a pending suit. *Id.* at 529 (emphasis added).

In *Quintero v. Jim Walter Homes*, 654 S.W.2d 442 (Tex.1983), the supreme court stated that:

> A judgment based upon an agreement of the attorneys, cannot be rendered by a court when consent of one of the parties thereto is wanting. [citation omitted] The power to render an agreed judgment depends upon the "substance of the consent" at the time judgment is rendered. [citation omitted] Therefore, *a party has the right to revoke his consent at any time before the rendition of judgment.* [citation omitted] When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court.

*Id.* at 444 (emphasis added); *see Burnamam v. Heaton*, 150 Tex. 333, 240 S.W.2d

288, 291 (1951); *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex.1982). Here, since the settlement agreement had not been signed or filed as part of the record pursuant to TEX.R.CIV.P. 11, relator had the right to revoke his consent.

■ Relator also claims that since there was no pending motion to strike the pleadings before the trial court, he had no notice and that constituted a deprivation of due process. In *Zeb Manufacturing Co. v. Anthony*, 752 S.W.2d 687 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding), there was no motion for sanctions under TEX.R. CIV.P. 215 pending and the trial court struck relator's pleadings *sua sponte*. The *Zeb* court held:

> Without a motion before the trial court that asked for sanction of discovery abuse, the relator had no notice that the hearing scheduled on other discovery motions would result in respondent's spontaneous striking of its pleadings. Notice is essential for the proper imposition of sanctions. [Citation omitted] Under these circumstances, the trial court's order is void.

752 S.W.2d at 690. Here, relator likewise had no notice that his pleadings might be stricken.

■ Relator further argues that respondent had no authority to impose discovery sanctions under TEX.R.CIV.P. 215 for what the respondent believed was a willful and deceptive violation of good faith during mediation. Relator contends that there was no lack of good faith, but even if there were, the order was beyond the court's power. Respondent granted sanctions under TEX.R.CIV.P. 215. It claims these sanctions are available under the court's inherent authority pursuant to TEX.GOV'T CODE ANN. § 21.001. Respondent's theory was that mediation is a discovery tool and violation of the trial court's order for referral of mediation is therefore subject to Rule 215.

■ Repudiation of an unsigned settlement agreement forged in mediation is not subject to discovery sanctions under TEX.R. CIV.P. 215. The options available to a party are either filing suit on the agreement asserting that it is a valid agreement or,

continuing with the original suit. *Browning v. Holloway*, 620 S.W.2d 611, 616 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.).

■ Relator's reluctance or refusal to sign a binding agreement the same day it was drafted is not a breach of good faith in mediation. Oral representations in arbitration are non-binding and privileged. Furthermore, there is no legal precedence for extending the court's inherent power to imposition of TEX.R.CIV.P. 215 sanctions without a violation of discovery.

■ Respondent asserts that mandamus is improper because relator has an adequate remedy at law. His motion for rehearing has not yet been heard. There was no hearing set on relator's motion for rehearing. At most, respondent merely denied relator's request for an immediate hearing on his motion. This court is confident that had the motion been set for hearing properly with the requisite notice sent to all parties affected, respondent would have heard the motion. The default judgment on liability is an interlocutory judgment and the relator's motion for rehearing can still be heard by the respondent. Thus, an adequate remedy at law remains available to the relator.

The petition for writ of mandamus is denied.