## Ex parte Manuel Riojas MUNOZ.

### No. 04–03–00568–CV.

Court of Appeals of Texas,
San Antonio.

May 12, 2004.

Manuel Riojas Munoz, Springfield, pro se.

J. Frank Davis, Texas Dept. of Public Safety, Austin, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Appellant, Manuel Munoz, appeals the denial of his motion for expunction of a heroin conviction in 1979.

### FACTUAL BACKGROUND

In 1979, Munoz was arrested and charged with possession of heroin. After pleading guilty as part of a plea agreement, he received a suspended term of imprisonment with ten years probation. In 1985, Munoz successfully completed his probationary term, and a Bexar County District Court granted an order dismissing the cause upon termination of period of probation. This order terminated Munoz's probationary term, permitted him to withdraw his guilty plea, dismissed the indictment, and set aside the judgment of his conviction. In 1993, Munoz pled guilty to violating a federal narcotics law and his

punishment was enhanced based upon the 1979 conviction. In turn, Munoz filed a motion for expunction for his 1979 conviction, which the trial court denied.

### MOTION FOR EXPUNCTION

 Munoz contends the trial court erred in denying his motion for expunction. Because his heroin indictment was dismissed, Munoz claims he meets the criteria for expunction under article 55.01 of the Texas Code of Criminal Procedure. Findings of fact and conclusions of law were neither requested nor filed, and there is no reporter's record on file. Therefore, "it is implied that the trial court made all findings necessary to support the judgment." *State v. Knight,* 813 S.W.2d 210, 211 (Tex. App.-Houston [14th Dist.] 1991, no writ). "If there is some evidence to support the judgment, it must stand, and only that evidence most favorable to the issue is to be considered." *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex.1988). In these circumstances, the appellant is entitled to reversal only if there is fundamental error. *Trevino & Gonzalez Co. v. R.F. Muller Co.,* 949 S.W.2d 39, 41 (Tex.App.-San Antonio 1997, no writ).

 Article 55.01 was "not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty to expunge his record." *Knight,* 813 S.W.2d at 212. Rather, the purpose of article 55.01 is to allow those who have been wrongfully arrested to expunge their arrest records. *Harris v. State,* 733 S.W.2d 710, 711 (Tex.App.-San Antonio 1987, no writ). Further, an expunction proceeding is a civil proceeding, in which the petitioner bears the burden of proof in meeting the statutory requirements. *Harris,* 733 S.W.2d at 711.

Since Munoz was neither acquitted of the heroin offense nor subsequently pardoned, he must meet each of the following conditions in order to have his conviction expunged:

> (A) an indictment or information ... has not been presented ... or, ... the indictment or information has been dismissed or quashed, and:
>
>> (I) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
>>
>> (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause ... or because it was void;
>
> (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and
>
> (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2) (Vernon Supp.2004).

 Munoz argues that he meets the criteria under this article since his case was set aside, and his indictment was dismissed. It is undisputed, however, that Munoz pled guilty to the heroin conviction and completed his probationary term. "Merely completing the terms of deferred adjudication and obtaining a dismissal does not entitle a petitioner to expunction of criminal records." *Harris County Dist. Attorney's Office v. D.W.B.,* 860 S.W.2d 719, 721 (Tex.App.-Houston [1 Dist.] 1993, no pet.); *see Harris,* 733 S.W.2d 710 (holding appellant did not meet criteria for expunction since his felony offense was dismissed only because he completed his term

of probation). Munoz received deferred adjudication probation, and thus was subject to "court ordered probation" as stated in article 55.01 *See Knight*, 813 S.W.2d at 212; *see* Tex.Code Crim. Proc. Ann. art. 42.12 (Vernon 1979 & Supp.2004). Therefore, Munoz was ineligible for expunction under article 55.01(a)(2)(B), and the trial court properly denied his motion to expunge his 1979 conviction. *See Knight*, 813 S.W.2d at 212.

In the alternative, Munoz argues that his 1979 conviction should be expunged since the trial judge did not engage in a "proper colloquy" to determine whether Munoz's guilty plea was knowingly, voluntarily, and intelligently made. However, Munoz raises this issue only in his reply brief and a reply brief is not intended to allow an appellant to raise new issues. The Texas Rules of Appellate Procedure merely permit an appellant to "file a reply brief addressing any matter in the appellee's brief." Tex.R.App. P. 38.3. Neither Munoz's original brief nor the State's brief discuss the issue of Munoz not being properly admonished by the trial court. Consequently, this issue is waived.

### Failure to Appoint Counsel

Munoz contends he has been extremely disadvantaged throughout this appeal since he has not received any legal representation after repeatedly requesting it. We review the trial court's failure to appoint trial counsel in a civil case for an abuse of discretion under Texas Government Code section 24.016. *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex.2003). "A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." Tex. Gov't Code Ann § 24.016 (Vernon 2004); *see Gibson*, 102 S.W.3d at 712.

Munoz presents no authority suggesting that expunction proceedings are the type of extraordinary civil proceedings that warrant appointment of counsel. *See Gibson*, 102 S.W.3d at 712 (recognizing that exceptional circumstances might warrant appointment of counsel in civil cases). "[E]xpunction proceedings are not 'exceptional cases' requiring trial courts to appoint counsel for indigent litigants." *Pitts v. State*, 113 S.W.3d 393, 393 (Tex.App.-Houston [1 Dist.] 2003, no pet.). There is no evidence that Munoz ever filed an affidavit of indigence or motion for appointment of counsel. There is no reporter's record on file and there is nothing in Munoz's briefs to suggest he filed a motion or affidavit. Subsequently, there is no evidence that the trial court ever abused its discretion.

### Conclusion

Based on the foregoing, the trial court properly denied Munoz's motion for expunction of his 1979 conviction. The judgment of the trial court is affirmed.