In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00140-CV


______________________________





IN THE ESTATE OF


DONNA JO HAMILL, A/K/A DONNA JO HARRISON, DECEASED





 


On Appeal from the County Court


Lamar County, Texas


Trial Court No. 16367




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Ken Harrison and Margaret Haynes have filed an appeal from a summary judgment rendered
in a probate action involving Donna Jo Hamill, a/k/a Donna Jo Harrison, their daughter. Donna died
in a car accident and a dispute arose about whether her husband (Jeff Hamill) (1) and she were married,
who should administer her estate, and who was entitled to take under the rules of intestate
succession. 

 Jeff has filed a motion to dismiss the appeal for lack of jurisdiction as being untimely, based
on the following sequence of events. (2)

 The trial court signed the summary judgment order on July 2, 2007. Ken and Margaret filed
a timely motion for new trial on August 1, 2007. The notice of appeal was due to be filed no later
than ninety days thereafter, on or before October 1, 2007. (3) See Tex. R. App. P. 26.1(a). The Rules
also allow an appellate court to extend the time to file if, within fifteen days after the deadline for
filing, the party files the notice of appeal and a motion adequately explaining the reason and need
for the extension. See Tex. R. App. P. 26.1(d). Thus, the last date on which the motion to extend
time could be filed was October 16, 2007.

 Ken and Margaret filed their notice of appeal on November 15. It was untimely. Without
a timely filed notice of appeal, we lack jurisdiction over the appeal and have no other option except
to dismiss the appeal.

 Ken and Margaret have filed their own motion asking us to extend time to file the notice of
appeal, or alternatively, to abate the appeal "to permit clarification of the Order on . . . Summary
Judgment." As part of that motion, they argue that the order is not a final judgment. If the order is
interlocutory, as they argue, this would be yet another reason requiring us to dismiss the appeal. 

 The general rule is that an appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). In determining whether this order granting summary
judgment is final and appealable, we look to see whether one of the appellants' causes of action was
not addressed by the appellee in the motion for summary judgment. A judgment is final if it disposes
of all pending parties and claims in the record. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992). The law does not require that a final judgment be in any particular form; therefore,
whether a decree is a final judgment must be determined from its language and the record in the case. 
Lehmann, 39 S.W.3d at 195.

 In this case, as specified by the parties, there was only one genuine controlling issue: Was
the decedent married to Jeff at the time of her demise? The answer to this question determined the
disposition of her estate and the standing to administer it. 

 Although we do not have a copy of the last live pleading before us, we do have Jeff's motion
for summary judgment, together with Ken and Margaret's response and motion for new trial. We
also have Ken and Margaret's "Appellants' Motion to Extend Time to File Appeal, or Alternatively,
Motion to Abate Appeal." In this motion, Ken and Margaret specify the eighteen reasons why they
argue that the judgment is not final. Those reasons can be summarized as complaints that the trial
court did not individually and precisely make specific evidentiary findings on each variation that they
pleaded of the reasons why Jeff and Donna were not legally married and that the trial court failed
to dispose of all claims, issues, and parties in its order.

 In its order granting Jeff's motion for summary judgment, the trial court made specific
findings about the procedural posture of this probate proceeding and then specifically found that
Donna was married to Jeff at the time of her death, that her estate was personalty only, that there was
no will, and that, therefore, Jeff was her sole heir. Based upon the other findings, there was also a
conclusive finding that Jeff was thus entitled to all of the decedent's personalty. There is no
indication of any claims of any parties which remained unadjudicated. Therefore, the order granting
summary judgment, on its face, disposes of all of the matters which Ken and Margaret argue would
make the judgment interlocutory. 

 Further, this judgment was based upon a proceeding brought by Ken and Margaret to
determine heirship. That was the ultimate issue explicitly determined by the trial court. 
Section 55(a) of the Texas Probate Code states that a judgment declaring heirship is a final judgment
and is subject to immediate appeal. Tex. Prob. Code Ann. § 55(a) (Vernon 2003); see Tex. Prob.
Code Ann. § 5(g) (Vernon Supp. 2007). Thus, this judgment was final and appealable as of the date
on which it was signed. See Tex. R. App. P. 26.1; Tex. Prob. Code Ann. § 55(a), 5(g); Crowson
v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995).

 The judgment was therefore final, and no timely appeal was brought. In such a situation, we
have no jurisdiction to hear the proceeding.

 We dismiss the appeal for want of jurisdiction.




 Bailey C. Moseley

 Justice


Date Submitted: December 20, 2007 

Date Decided: December 21, 2007

1. We will refer to all parties by their first names to avoid confusion.
2. Although no record has yet been filed, both parties agree on the relevant facts, and certified
copies of the critical documents have been provided to this Court as attachments to the parties'
motions. Although a record is normally required before matters may be addressed by this Court, we
may determine our jurisdiction based on materials presented to us. See Tex. Gov't Code Ann.
§ 22.220(c) (Vernon 2004) ("Each court of appeals may, on affidavit or otherwise, as the court may
determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.").
3. The actual due date was September 30, which fell on a Sunday. The date was automatically
extended to the next weekday pursuant to Rule 4.1 of the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 4.1. 


y 17, 2000. The court's
docket sheet states that temporary orders were entered on that date, but Clark has directed us to no
provision of any relevant order in the record, nor has he shown us any effort to enforce any such
ruling, or that, if such a ruling existed, Ivie did not comply with its terms. Clark has not shown error.

 We overrule this contention of error.

 We affirm the trial court's order.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 9, 2007

Date Decided: August 24, 2007
1. The motion on which this order rests was filed March 9, 2005. Clark promptly responded
and repeatedly contacted the trial court in writing, but did not appear before the court January 29,
2007, the date of the hearing on the motion. The record reflects that Clark was properly notified and
that he filed an additional document with the trial court on that date. Notice of the hearing was sent
October 19, 2006, and was received by Clark October 23.
2. Clark, in his pro-se brief, has not provided extensive citation either to the record or to
controlling law--but did set out his arguments in an understandable fashion. Appellee's counsel, 
in a two-page brief, provided no citation to any authority whatsoever, and responded only to one of
five issues set out by Clark.
3. "A district judge may appoint counsel to attend to the cause of a party who makes an
affidavit that he is too poor to employ counsel to attend to the cause." Tex. Gov't Code Ann.
§ 24.016 (Vernon 2004); see Gibson, 102 S.W.3d at 712; Ex parte Munoz, 139 S.W.3d 349, 352
(Tex. App.--San Antonio 2004, no pet.).
4. We recognize exceptions to that general rule in cases involving the termination of parental
rights, see Tex. Fam. Code Ann. § 107.013 (Vernon Supp. 2006); juvenile delinquency, Tex. Fam.
Code Ann. § 51.10 (Vernon Supp. 2006); and court-ordered mental health services, Tex. Health
& Safety Code Ann. § 574.003 (Vernon 2003). None of those situations are implicated in this
case.
5. The exceptional-circumstances concept is generally mentioned, but the Texas Supreme
Court declined to expressly hold that exceptional circumstances was the proper boundary for the
court's discretion. See Gibson, 102 S.W.3d at 713. We have found no case--and Clark suggests
none--finding an exceptional circumstance which would trigger a duty to appoint counsel in a civil
case, other than the recognized constitution-based cases: termination of parental rights, juvenile
delinquency, and court-ordered mental health services.