Petition for Writ of Mandamus Denied and
Memorandum Opinion filed February 3, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00063-CV



In Re Robert W.  Lambertz,
Relator



 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

333rd
District Court

Harris County, Texas

Trial Court No.
2009-67424



 



MEMORANDUM
 OPINION

On January 24, 2011, relator Robert W. Lambertz filed
a petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221; see also Tex. R. App. P. 52. In the petition, relator asks this
court to compel (1) the Honorable Joseph Halbach, presiding judge of the 333rd
District Court of Harris County to vacate his order signed January 7, 2010; (2)
the Honorable Lisa Burkhalter to vacate her order signed August 21, 2009; (3)
the Honorable Lee Duggan to vacate his order signed August 21, 2009[1]; (4) the
Honorable Olen Underwood, presiding judge of the Second Judicial Region of
Texas to vacate his order signed May 27, 2010, and (5) the Honorable Shearn
Smith to vacate his orders signed September 8, 2010 and December 20, 2010.

Each of the orders relator complains of were signed
in underlying litigation filed by relator against the Harris County Appraisal
District.  Relator’s complaints arise from allegedly wrongful discovery
sanctions, denials of recusal motions, and denial of his motion for new trial. 
The underlying case has now been tried.  A final judgment was signed in that
litigation on October 27, 2010.  

Mandamus relief is available when the trial court
abuses its discretion and there is no adequate remedy at law, such as by
appeal.  In re Prudential Ins. Co., 148 S.W.3d 124, 135–36 (Tex. 2004); In
re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (citing
Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)).  When
reviewing a motion for recusal, the denial of a motion to recuse is appealable
upon final judgment.  Tex. R. Civ. P. 18a(f).  Consequently, a party
challenging the denial of a motion to recuse has an adequate remedy at law. 
Similarly, the wrongful imposition of sanctions is subject to review by direct
appeal after final judgment and, for that reason, is not subject to mandamus.  In
re Braden, 960 S.W.2d 834, 837 (Tex. App.—El Paso 1997, orig. proceeding); Central
Freight Line, Inc. v. White, 731 S.W.2d 121, 122 (Tex. App.—Houston [14th
Dist.] 1987, orig. proceeding).  

Because the orders of which relator complains are
subject to review by direct appeal we have no authority to issue writ of
mandamus.  Accordingly, we deny relator’s petition for writ of mandamus his
related emergency motion to stay proceedings.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Seymore, and McCally.









[1]
Judges Burkhalter and Duggan were acting as visiting judges of the 333rd
District Court of Harris County at the time they signed the orders.