

# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-12-00463-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Julian Roland **COSTALES**,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 11-12-20904-CV
Honorable Camile G. Dubose, Judge Presiding

Opinion by:      Sandee Bryan Marion, Justice

Sitting:      Catherine Stone, Chief Justice
         Sandee Bryan Marion, Justice
         Rebeca C. Martinez, Justice

Delivered and Filed:  February 20, 2013

REVERSED AND REMANDED

This is a restricted appeal from an expunction order granted in favor of Julian Roland Costales.  Appellant, the Texas Department of Public Safety ("DPS"), challenges Costales's eligibility for expunction asserting the trial court erred in granting the expunction because Costales's placement on court-ordered community supervision precluded him from expunction. Alternatively, DPS argues that because no reporter's record was made of the hearing on Costales's petition for expunction, the order must be reversed and the cause remanded for new trial.  We reverse the trial court's order and remand the cause to the trial court for a new hearing.

## BACKGROUND

Costales was arrested for the felony offense of illegal investment in 1988. Costales pled guilty to the offense and was placed on probation for a ten-year period on February 21, 1989. Approximately three years later, Costales filed a motion to terminate the probationary period early, discharge him of the offense, set aside his conviction or permit him to withdraw his plea of guilty, and dismiss the prosecution. An order granting Costales's motion was signed on June 15, 1992, and he was discharged from probation and his conviction was set aside. On December 7, 2011, Costales filed a petition for expunction of his arrest records, asserting he met all of the requirements for expunction as set out in article 55.01 of the Texas Code of Criminal Procedure. DPS filed an answer and affirmative defense to Costales's petition, but did not attend the hearing. On February 8, 2012, the trial court granted Costales's petition and ordered he have the records relating to his arrest for illegal investment expunged. It is this order DPS challenges by restricted appeal.

## ANALYSIS

In order to attack a judgment by restricted appeal, the appellant must show (1) it was a party to the suit, (2) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, (3) it filed notice of appeal within six months after the order was signed, and (4) there is error apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). DPS, a State agency with records Costales sought to have expunged, was a party to the expunction hearing. The record shows that DPS filed an answer to Costales's expunction petition, but did not attend the hearing. The order granting Costales's expunction was signed on February 8, 2012, and DPS did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. DPS filed its notice of appeal on

August 3, 2012, just under six months from the date the order was signed. Therefore, the only remaining issue is whether DPS has shown there is error apparent on the face of the record.

On appeal, DPS asserts the trial court erred in granting the expunction because Costales served a term of probation for the offense he sought to expunge, rendering him ineligible for expunction. However, this is a restricted appeal in which there is no reporter's record of the hearing and, without such, we cannot determine what evidence, if any, Costales presented proving his entitlement to expunction. *See Ex parte Munoz*, 139 S.W.3d 349, 351 (Tex. App.—San Antonio 2004, no pet.) (indicating an expunction proceeding is a civil proceeding and burden is on applicant to prove entitlement to expunction). DPS has complained of the lack of a reporter's record and appellee concedes the case must be reversed and remanded because no reporter's record was made. We, therefore, conclude there is error apparent on the face of the record. *See Ex parte Ruiz*, No. 04-11-00808-CV, 2012 WL 2834898, at *1 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.).

## CONCLUSION

Because no reporter's record was made of the hearing resulting in the trial court's grant of Costales's expunction, we reverse the trial court's order and remand the cause to the trial court for a new hearing.

Sandee Bryan Marion, Justice