

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00455-CV

### EX PARTE V.T.C.

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI06739
Honorable Solomon Casseb III, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: August 14, 2019

AFFIRMED

The Department of Public Safety (DPS) appeals an order granting V.T.C.'s petition for expunction. DPS argues the order is not supported by sufficient evidence, contends the trial court misconstrued the applicable statute, and complains about the lack of a reporter's record. We affirm the expunction order.

### BACKGROUND

V.T.C. filed a petition for expunction, requesting an expunction under Texas Code of Criminal Procedure article 55.01(b)(2) based on the prosecutor's recommendation. DPS filed an answer, alleging V.T.C. was not entitled to an expunction under article 55.01(a) because V.T.C. had been placed on community supervision. DPS's answer did not specifically address article 55.01(b)(2), but generally denied V.T.C.'s allegations. The case was set for a June 7, 2018 hearing.

On June 7, 2018, the trial court signed the expunction order, finding V.T.C. was entitled to an expunction under article 55.01(b)(2) based on the prosecutor's recommendation. The trial court made other findings under article 55.01(b), specifically that V.T.C. had been arrested, and the charge was dismissed after he completed deferred adjudication community supervision. DPS filed a notice of appeal on July 6, 2018.

DPS filed a docketing statement in this appeal, stating there was a reporter's record. After the court reporter filed a notice stating she was not present at work on June 7, 2018, this court gave DPS an opportunity to respond with proof showing a record was taken. DPS did not provide such proof, and stated it was likely that no record was taken. After two attempts to obtain clarification from DPS about the status of the reporter's record, we issued an order stating we would consider only those issues that did not require a reporter's record for a decision. DPS had represented to this court it would contact "trial counsel" about the reporter's record. An Assistant District Attorney then filed a statement with this court swearing a record was not requested at the expunction hearing and therefore one was not taken. DPS then filed its appellant's brief challenging the expunction order.

### ARTICLE 55.01(a)

DPS argues the trial court erred by rendering the expunction order under article 55.01(a) because V.T.C. was placed on deferred adjudication community supervision. However, article 55.01(a) and article 55.01(b)(2) are alternative provisions under which a petitioner may obtain an expunction. *See* TEX. CODE CRIM. PROC. art. 55.01(a), (b); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied). Because the trial court granted V.T.C. an expunction under article 55.01(b)(2), we need not consider whether appellant was entitled to an expunction under article 55.01(a). *See* TEX. R. APP. P. 47.1 (requiring that we address only those

issues raised and necessary to the appeal's disposition). We therefore only consider DPS's issues relating to article 55.01(b).

**ARTICLE 55.01(b)**

In its remaining issues, DPS argues (1) V.T.C. was not entitled to an expunction under article 55.01(b) because the expunction order is not supported by sufficient evidence, and the trial court could not base its decision on V.T.C.'s pleadings alone because they were controverted; and (2) it is entitled to a reversal because there is no reporter's record.

## A. Sufficiency of the Evidence

DPS argues there is no evidence showing V.T.C. had the recommendation of the prosecutor. In the expunction order, the trial court found the prosecutor recommended the expunction. We cannot assess the sufficiency of the evidence admitted at a hearing without a record of the hearing. *See Ex parte Munoz*, 139 S.W.3d 349, 352 (Tex. App.—San Antonio 2004, no pet.). And, without a reporter's record of the trial, we must presume sufficient evidence supports the trial court's findings. *See In re L.C.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.). DPS was also notified before filing its brief that we would consider only those issues that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). We overrule this issue.

## B. Absence of a Reporter's Record

DPS complains about the absence of a reporter's record, citing restricted appeal cases. In numerous cases, this court has held that, in a restricted appeal from an expunction order, DPS's inability to obtain a reporter's record due to no fault of its own can constitute reversible error on the face of the record. *Ex parte Graves*, No. 04-16-00570-CV, 2017 WL 3159459, at *1 (Tex. App.—San Antonio July 26, 2017, pet. denied) (mem. op.) (citing *Ex Parte Garcia*, No. 04-15-00174-CV, 2016 WL 527517, at *2 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.);

*Ex parte Ruiz*, No. 04–11–00808–CV, 2012 WL 2834898, at *1 (Tex. App.–San Antonio July 11, 2012, no pet.) (mem. op.)).

However, DPS filed a regular appeal, not a restricted appeal. In *Reyes v. Credit Based Asset Servicing & Securitization*, a regular appeal in which a party was represented at a hearing, this court held, "a party has the burden of objecting to the court reporter's failure to record the proceedings." 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.) (citing TEX. R. APP. P. 33.1). On the date of this opinion's issuance, this court has also issued opinions in two restricted appeals in which DPS challenges an expunction order. In those two appeals, the appellate record indicated DPS did not appear and was not otherwise represented at the hearing that resulted in the expunction order. *See Ex parte D.L.W.*, 04-18-00713-CV; *Ex parte K.S.*, No 04-18-00841-CV.

In this case, DPS asserts in its brief that it "filed an answer challenging [V.T.C.'s] petition, but it did not appear at any hearing thereon." V.T.C. filed a brief, "[o]bject[ing] to the statement on page 15 of Appellant's Brief that the Department (Appellant) 'did not appear at any hearing' on the expunction petition. That is not a matter that is established in the record. Appellant is bound by the record in this direct appeal." V.T.C. further argues, DPS "fail[ed] to cite any part of the record that supports this contention. The record that has been presented to this court does not support the contention."

DPS's brief does not direct us to any part of the record supporting its assertion that it did not appear at the hearing. *See* TEX. R. APP. P. 38.1(g), (i) (requiring record reference or citations for factual statements and argument). The expunction order does not contain any recitations as to which parties appeared at the hearing. The record shows V.T.C.'s petition for expunction contains an order setting a hearing for June 7, 2018, at a specified date and time. DPS responded to the petition for expunction, which suggests it had reviewed V.T.C.'s petition and received notice of the June 7, 2018 hearing.

Additionally, DPS represented to this court it would contact "trial counsel" about the reporter's record. The Assistant District Attorney for the DA's Office, which has not appealed the expunction order, then filed a sworn statement based on her personal knowledge, that no reporter's record was requested for the hearing. Considering the foregoing, we apply *Reyes* and hold DPS failed to preserve error regarding its complaint about the absence of a reporter's record in this case. *See* 190 S.W.3d at. 740; *see also* TEX. R. APP. P. 33.1.

## CONCLUSION

We affirm the order of expunction.

Luz Elena D. Chapa, Justice