

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00841-CV

**EX PARTE K.S.**

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-05238
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: August 14, 2019

REVERSED AND REMANDED

In this restricted appeal, the Department of Public Safety (DPS) challenges an order granting K.S.'s petition for expunction. DPS argues the order is not supported by sufficient evidence, contends the trial court misconstrued relevant statutory provisions, and complains about the lack of a reporter's record. We reverse the expunction order and remand for further proceedings.

## BACKGROUND

K.S. filed a petition for expunction of records of two arrests for theft. After conducting a hearing on May 17, 2018, the trial court signed an order that same day granting K.S.'s petition. The order recites K.S. appeared in person without counsel and an Assistant District Attorney appeared on behalf of the Bexar County District Attorney's Office.

DPS filed a November 7, 2018 notice of restricted appeal, stating it did not participate at the May 17, 2018 hearing. DPS also filed a request for the reporter's record. The court reporter filed a notice with this court, stating "no record was taken" in this case on May 17, 2018. The record shows DPS filed its notice of restricted appeal within six months after the date on which expunction order was signed; DPS was a party to the underlying lawsuit; and DPS did not participate in the hearing resulting in the expunction order. Because this is a restricted appeal, our sole remaining inquiry is whether "error is apparent on the face of the record." *See Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.). K.S. did not file a brief in this appeal.

### LEGAL SUFFICIENCY OF THE EVIDENCE & MISCONSTRUCTION OF STATUTE

In its first issue, DPS argues legally sufficient evidence was not admitted at the May 17, 2018 hearing. In its third issue, DPS argues the trial court erred by granting the expunction because K.S. was convicted for one theft charge, and K.S. was arrested for both offenses at the same time. However, in the expunction order, the trial court found K.S.'s arrests were on November 11, 2005, and May 26, 2010, respectively, but did not find there was a final conviction. We cannot assess the sufficiency of the evidence without a reporter's record. *See Ex parte Munoz*, 139 S.W.3d 349, 352 (Tex. App.—San Antonio 2004, no pet.). And without a reporter's record, we must presume sufficient evidence supports the trial court's findings. *See In re L.C.H.*, 80 S.W.3d 689, 691 (Tex. App.—Fort Worth 2002, no pet.). We therefore overrule these issues.

### ABSENCE OF A REPORTER'S RECORD

In its second issue, DPS complains about the absence of a reporter's record. In numerous cases, this court has held that, when DPS complains about the absence of a reporter's record in a restricted appeal from an expunction order, the absence of a reporter's record constitutes error apparent on the face of the record. *Ex parte Graves*, No. 04-16-00570-CV, 2017 WL 3159459, at

*1 (Tex. App.—San Antonio July 26, 2017, pet. denied) (mem. op.) (citing *Ex Parte Garcia*, No. 04-15-00174-CV, 2016 WL 527517, at *2 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.); *Ex parte Ruiz*, No. 04-11-00808-CV, 2012 WL 2834898, at *1 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.)). In those cases, this court has summarily reversed the trial court's expunction order and remanded for a new hearing. *See Graves*, 2017 WL 3159459, at *2; *Garcia*, 2016 WL 527517, at *2; *Ruiz*, 2012 WL 2834898, at *1. Because this a restricted appeal, and DPS has complained about the absence of a reporter's record, consistent with our prior decisions, we hold error is apparent on the face of the record. *See Graves*, 2017 WL 3159459, at *2; *Garcia*, 2016 WL 527517, at *2; *Ruiz*, 2012 WL 2834898, at *1.

## CONCLUSION

The trial court's order is reversed, and the case is remanded to the trial court for a new hearing.

Luz Elena D. Chapa, Justice