

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00605-CR & 04-25-00606-CR

**EX PARTE** Sean **MCNAMARA**

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B94161 & B94196
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: May 13, 2026

AFFIRMED

Appellant, Sean McNamara, proceeding pro se, appeals from the trial court's order denying him relief on his pro se application for a writ of habeas corpus from an order of deferred adjudication on two counts of aggravated sexual assault of child and a judgment on a plea of guilty on one count of indecency with a child by exposure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072; *see also* TEX. PENAL CODE ANN. §§ 22.021, 21.11. In three issues, which we construe as two, McNamara argues that the deferred adjudication order is void *ab initio* because the offense of aggravated sexual assault of child was categorically ineligible for deferred adjudication and the trial court erred in applying laches to bar habeas relief because the underlying order and judgment are legally void. We affirm.

## I. BACKGROUND

On July 29, 2025, McNamara filed an application for habeas relief in two trial court cause numbers. Without holding a hearing, the trial court considered McNamara's application and signed findings of fact, which provide:

1. On June 10, 1994, in Cause No. B94-161, Applicant entered a guilty plea to two counts of aggravated sexual assault of a child and was placed on ten (10) years deferred adjudication probation;

2. On June 10, 1994, in Cause No. B94-196, Applicant entered a guilty plea to the offense of indecency with a child by exposure and was placed on ten (10) years regular probation (including shock probation);

3. Applicant was represented by trial counsel, Mr. Dennis Smith, at the time of these proceedings;

4. Applicant did not appeal from these judgments;

5. Applicant has not explained the 31-year delay in seeking habeas corpus relief from these judgments;

6. Applicant's trial counsel died on August 15, 2014, and is thus unable to respond to Applicant's claims of ineffective assistance of counsel;

7. Both prosecutors representing the State in these cases have also since died; and

8. Applicant's negligence to assert his claims in a timely manner has caused prejudice to the State.

The trial court concluded that McNamara's claims were barred by the doctrine of laches and that he was manifestly entitled to no relief on his applications in trial court cause numbers B94-161 and B94-196[1]. It denied McNamara's request for habeas relief as frivolous. McNamara timely appeals.

---

[1] Because both cases were handled together and McNamara presents the same issues in both appeals, we resolve the two together in one memorandum opinion.

## II. DISCUSSION

### A.     Applicable Law & Standard of Review

An individual convicted of a felony or misdemeanor may seek habeas "relief from an order or judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072, § 1. When a person files a writ application, he "must be, or have been, on community supervision, and the application must challenge the legal validity of . . . the conviction for which or order in which community supervision was imposed" or "the conditions of community supervision." *Id*. art. 11.072, § 2(b). The court may deny a habeas application as frivolous "[i]f the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief . . . ." *Id*. art. 11.072, § 7(a).

We review the trial court's decision to deny habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review de novo pure questions of law and application-of-law-to-fact questions that do not turn on credibility and demeanor. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

### B.     Analysis

In McNamara's first issue, he contends the two orders placing him on community supervision (probation) were void *ab initio* because he was statutorily ineligible for such a disposition. In *Ex parte Williams*, 65 S.W.3d 656 (Tex. Crim. App. 2001), referenced by the State, a defendant was convicted of aggravated assault. The trial court entered a deadly weapon finding in the judgment suspending the defendant's sentence and placing him on community supervision. *Id*. at 657. The trial court later revoked the defendant's community supervision. *Id*. The defendant sought a post-conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *Id*. He asserted that the illegal probation order rendered his

sentence illegal. *Id*. The Texas Court of Criminal Appeals explained that "community supervision is not a sentence or even a part of a sentence." *Id*. (quoting *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999)). Additionally, it held that the unlawful grant of probation did not entitle the applicant to habeas relief. *Id*. at 658. McNamara's argument is no different than the applicant's argument in *Williams*. We overrule McNamara's first issue.

In McNamara's second issue, he contends the trial court erred in applying laches to bar habeas relief because the underlying order and judgment are legally void. McNamara specifically argues:

> The trial court's finding of prejudice — based on the deaths of the attorneys — is legally insufficient. A challenge to a void judgment based on a facial jurisdictional defect requires no factual development. It is resolved by examining the judgment itself and the controlling law. The "prejudice" from deceased witnesses is a red herring; this case requires no witness testimony. The truth is found in the black-letter law and the court's own record. The State is not prejudiced by being stripped of a conviction it was never entitled to have.

Thus, McNamara's argument on laches presupposes him prevailing on his first issue. Accordingly, we overrule McNamara's second issue.

In closing, we note that McNamara attached to his opening brief in each appellate cause number an "Affidavit of Sean McNamara in Support of Appellant's Brief." These affidavits purport to raise seven grounds for why McNamara is entitled to habeas relief. These grounds repeat the theme of McNamara's first issue. None reference the appellate record. For example, the seventh ground provides:

> **g. Ground Seven: Systemic Corruption Rendering Judgments Void.**
> Proceedings conducted by a court acting without constitutional or statutory authority are void ab initio. Ex parte Siebold. 100 U.S. 371. 376 (1879). By imposing a sentence expressly forbidden by the Texas Legislature, the trial court acted without jurisdiction, and its judgment is a void legal nullity, regardless of any other judicial misconduct. Aguilar v. State. 810 S.W.2d 318, 320 (Tex. Crim. App. 1993).

These arguments are subsumed by McNamara's first issue, which we have already addressed. Relatedly, after the State filed its brief, McNamara filed a "supplemental" appellant's brief. McNamara's "supplemental" brief rehashes some of the arguments in his affidavit and makes some new contentions. We liberally construe McNamara's "supplemental" brief as a reply brief. However, we are prohibited from considering issues raised for the first time in a reply brief. *See Ex parte Munoz*, 139 S.W.3d 349, 352 (Tex. App.—San Antonio 2004, no pet.) (providing that "a reply brief is not intended to allow an appellant to raise new issues.").

### III. CONCLUSION

The trial court's order denying habeas relief is affirmed.[2]

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[2] All pending motions are denied as moot.